CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SYNDICATES 2623/623

v.

SOLUTIONS RECOVERY CENTER, LLC, DANIEL J. CALLAHAN, SEAN CALLAHAN,
and RICHARD GLASER

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KIPU SYSTEMS LLC,
a Florida limited liability company,

        Plaintiff,

v.

ZENCHARTS LLC, a Florida limited liability
company, ZEN MEDICAL, LLC, an
administratively dissolved Florida limited liability
company, SOLUTIONS RECOVERY CENTER, LLC,
a Florida limited liability company, SOLUTIONS
RECOVERY, LLC, an administratively dissolved
Florida limited liability company,
WEBSITE CONSULTANTS INC., a Florida corporation,
CALLAHAN HOLDINGS, INC., an administratively
dissolved Florida corporation, RICHARD 'RICK' GLASER,
an individual, KEITH HOULIHAN a/k/a KEITH HOOTIE,
an individual, SEAN CALLAHAN, an individual,
DANIEL J. CALLAHAN, an individual,
SEAMUS CALLAHAN, an individual,
YANKO KARKALICHEV, an individual, and
ANTON ALADZHOV, an individual,

        Defendants.

_____/

Case No._____

**JURY TRIAL REQUESTED**

**PRELIMINARY INJUNCTIVE
RELIEF REQUESTED**

## COMPLAINT

Plaintiff, KIPU SYSTEMS LLC ("Kipu" or the "Plaintiff"), sues Defendants,

ZENCHARTS LLC ("ZenCharts"), ZEN MEDICAL, LLC ("Zen Medical"), SOLUTIONS

RECOVERY CENTER, LLC ("Solutions Recovery"), SOLUTIONS RECOVERY LLC

("SRL"), WEBSITE CONSULTANTS INC. ("Website Consultants"), CALLAHAN

HOLDINGS, INC. ("Callahan Holdings"), RICHARD 'RICK' GLASER ("Glaser"), KEITH

HOULIHAN a/k/a KEITH HOOTIE ("Houlihan"), SEAN CALLAHAN ("Sean Callahan"),

DANIEL J. CALLAHAN ("Dan Callahan"), SEAMUS CALLAHAN ("Seamus Callahan"),

YANKO KARKALICHEV ("Karkalichev"), and ANTON ALADZHOV ("Aladzhov") (Zen

Charts, Zen Medical, Solutions Recovery, SRL, Website Consultants, Callahan Holdings, Glaser, Houlihan, Sean Callahan, Dan Callahan, Seamus Callahan, Karkalichev, and Aladzhov are collectively referred to as the "Defendants") for: (a) Violations of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836(b) *et al*); (b) Civil Conspiracy to Commit Trade Secret Theft; (c) Violations of Florida's Computer Abuse and Data Recovery Act (Fla. Stat. § 668.801 *et al*); (d) Conversion of Confidential and Proprietary Information; (e) Trespass to Chattels; (f) Counterfeiting of a Registered Trademark (15 U.S.C. § 1116(d)(1)); (g) Willful Infringement of a Registered Trademark (15 U.S.C. § 1114(1)); (h) Federal Unfair Competition (15 U.S.C. § 1125(a)); (i) Florida Common Law Unfair Competition; (j) Violations of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201 *et al*); (k) Florida Common Law Breach of Terms of Service; (l) Florida Common Law Breach of License Agreement; and (m) Florida Common Law Tortious Interference with Business Relationships.

In support of these thirteen causes of action, Kipu states as follows:

## INTRODUCTION

1.       The Defendants deceived and defrauded Kipu, and engaged in an orchestrated, illicit scheme to steal Kipu's valuable trade secrets and intellectual property.  These actions were taken to illegally develop copycat software, called "ZenCharts", which would compete with Kipu's industry-leading, proprietary electronic medical records (EMR) software called the "Kipu EMR System."   Kipu has consequently suffered damages in an amount not less than $30,000,000.00, and demands a preliminary and permanent injunction against Defendants including ZenCharts, and other relief set forth below.

## STATEMENT OF FACTS

### Kipu Becomes the Industry Leader in Cloud-Based Electronic Medical Records for the Addiction Treatment Industry

2.      Kipu is the leader in cloud-based EMR specifically designed for drug and alcohol addiction treatment centers.

3.      Drug and alcohol addiction represents an unfortunate and growing epidemic in the United States.  Recent statistics released in 2016 by a U.S. Surgeon General report show: (a) over 22 million Americans struggle with substance abuse, (b) 58,000 Americans died of addiction related causes in 2016, and (c) over 66 million Americans reported they had abused drugs or alcohol in the past year.  The result of the foregoing represents a $442 billion impact on our economy.  In August 2017, President Trump announced that the "opioid crisis" was a national emergency.

4.      Approximately seven years ago, Kipu's founders recognized the alarming and unfortunate escalation of drug and alcohol addiction.  They also understood how addiction treatment centers were strained to deliver effective treatment solutions due to the vast records that needed to be maintained, and the difficulty in offering access to such information to the treating clinician.  Accordingly, Kipu's founders realized a true need for a robust, flexible and effective EMR system and related technology necessary to help automate addiction treatment centers, to allow them to better deliver improved care with better patient outcomes.

5.      After thousands of development hours and millions of dollars spent on programming and development, Kipu created the Kipu EMR System—a first of its kind, unique EMR system that improves addiction patient care through the innovative use of technology. In creating this breakthrough technology, Kipu worked hand-in-hand with several addiction

treatment centers to understand the demands of the industry, and met with doctors, medical staff and clinical staff at various addiction treatment centers.

6.      The Kipu EMR System automates addiction treatment centers and enables them to deliver improved care when treating those suffering from drug and alcohol addiction.  Kipu's advanced EMR system automates the entire episode of care in addiction treatment including detoxification, residential treatment, intensive outpatient treatment, as well as aftercare.  The innovative technology eliminates paper medical forms, helping clinicians treat patients by automating assessments, diagnosis, history and physicals as well as creating treatment plans.  In short, the Kipu EMR System allows clinicians to deliver better overall patient care and increased productivity.

7.      In or about September 2012, the Kipu EMR System was launched.  As a unique and proprietary cloud-based system, the Kipu EMR System was created to enable scalability and to allow the medical clinician the ability to access the technology via smart phone, tablet, PC, laptop and/or any other Internet-connected device.  Prior to the Kipu EMR System, no such cloud-based EMR technology was available in the addiction recovery industry.

8.      Since its inception, Kipu has spent millions of dollars to create, market and promote the Kipu EMR System.  The software has since gained considerable notoriety in the addiction treatment industry. Over 480,000 patients have been treated using the Kipu EMR System.  Today, it is used by some 1,300 treatment facilities worldwide.

9.      Kipu's rapid success is based on its development and creation of valuable trade secrets found in the underlying computer architecture and design of the Kipu EMR System. Examples of such trade secrets include the OTO® Program, a proprietary algorithm for assisting in treating patients; the "Urgent Issue" feature; easy laboratory ordering interface and related

functionality; and the "Golden Thread" feature which connects the entire patient treatment process.

10.     Kipu engages in appropriate efforts to register, protect, and if necessary enforce its intellectual property.  Kipu owns five issued Federal trademark registrations before the United States Patent & Trademark Office ("USPTO"), including Trademark Registration No. 4,442,687, for the mark KIPU, in International Class 9.  Kipu also owns United States Copyright Registration No. TX0008280027 entitled "Kipu EMR" having an effective date of December 22, 2016 (listing a first publication date of April 27, 2012).

11.     One of the many unique and proprietary programs within the Kipu EMR System is the aforementioned "One Time Only" algorithm, which is extensively marketed and promoted under the distinctive trade name OTO® and protected by Trademark Registration No. 5,127,508 (the "OTO Mark").

12.     This groundbreaking program (the "OTO Program") allows clinicians to create a record of disruptive patients who negatively affect others in the facility, often by bringing drugs into a treatment facility.  Clinicians in the drug and alcohol treatment industry have come to recognize and associate the OTO Program as one of most identifiable and beneficial protocols found in the Kipu EMR System.  Attached as **Exhibit A** is a true and correct copy of the USPTO prosecution history of the OTO Mark.

13.     Based on the foregoing, Kipu has created considerable goodwill and reputation through the Kipu EMR System, including under the KIPU® Mark, as well as the OTO® Mark.

### Dan Callahan, Sean Callahan, and Richard Glaser's Illicit Scheme to Steal and Copy the Kipu EMR System

14.     By February 2013, self-proclaimed recovery "guru" Dan Callahan (owner of Coconut Creek, Florida-based Solutions Recovery) noticed the incredible success and value of

the Kipu EMR System, and specifically how Kipu had quickly amassed a considerable number of addiction treatment center clients.

15.    Accordingly, Dan Callahan hatched a plan with his son, Sean Callahan, and Richard Glaser, the owners of Website Consultants (a software development and programming company).  The plan was simple: approach Kipu under the false pretense that Dan Callahan's drug treatment center, Solutions Recovery, was interested in purchasing a license to use the Kipu EMR System, gain access to the Kipu EMR System, and then create a copycat EMR product without having to spend millions of dollars and thousands of hours developing the software.

16.    Dan Callahan, Sean Callahan and Glaser had already come up with a name for the copy-cat EMR program: "ZenCharts".  On February 23, 2013, Glaser purchased the domain name www.zencharts.com.  The three would soon engage Website Consultants' various international programmers—including Bulgarian-based Karkalichev and Aladzhov—to assist in their conspiracy to steal Kipu's trade secrets through improper logins to the Kipu EMR System. In or about August 2013, Glaser and Sean Callahan were added as managing members to Solutions Recovery's publicly available corporate documents with the State of Florida.  This deception served to legitimize all of Glaser and Sean Callahan's inquiries to Kipu through Solutions Recovery.

17.    With the foundation of their illicit scheme in place, Dan Callahan, Sean Callahan and Glaser reached out to Kipu and expressed interest in licensing the Kipu EMR System for Solutions Recovery.  However, Kipu was never made aware that Sean Callahan and Glaser were also the owners of a software development company, Website Consultants.

18.    On or about October 1, 2013, Kipu provided an in-person demonstration of the Kipu EMR System to, among others, Dan Callahan, Sean Callahan, and Glaser at Solutions Recovery's facilities (under the representation all three were managing members/officers at

Solutions Recovery).  This demonstration highlighted the Kipu EMR System's features without revealing any proprietary information or trade secrets.

19.     A week after the demonstration, on or about October 8, 2013, Solutions Recovery entered into a binding, non-exclusive software license agreement with Kipu (the "2013 License Agreement") for purposes of limited and restrictive use of the Kipu EMR System at Solutions Recovery's Coconut Creek facility.  A true and correct copy of the 2013 License Agreement, executed by Glaser as the purported CFO of Solutions Recovery, is attached as **Exhibit B**.  By that time, the Kipu EMR System had been launched for over a year and had considerable praise and traction in the addiction treatment and recovery industry.

20.     Kipu then began the laborious task of implementing and customizing the Kipu EMR System under its licensing terms with Solutions Recovery.

21.     About one week later, Solutions Recovery obtained three "Super Admin" log-in credentials to the Kipu EMR System.  These logins would provide Glaser, Sean Callahan, Dan Callahan, and their co-conspirators, with expanded access and review rights to the Kipu EMR System.

22.     Through use of his "Super Admin" log-in credentials (username: dcallahan; associated e-mail: dan@solutionsrehab.com) Dan Callahan, as Solutions Recovery's managing member and CEO  (or someone to whom he provided unauthorized access) signed into the Kipu EMR System 52 separate times over the course of only one month (from October 15, 2013 to November 15, 2013).  That volume of entries, relative to other Kipu clients, was disproportionately high and could only be explained by an effort to misappropriate the Kipu EMR System.  Solutions Recovery's website, https://www.solutionsrehab.com/meet-our-team/ identifies Dan Callahan as Solutions Recovery's current CEO (last viewed December 29, 2017).

23.     The 2013 License Agreement obligated Solutions Recovery, as well individuals using login credentials provided by Solutions Recovery, to agree (via click-through) to Kipu's Terms of Service ("TOS").  Moreover, the 2013 License Agreement stated that the most current version of the TOS would apply to any use of the Kipu EMR System and that the TOS "may be revised by [Kipu] from time to time, without prior notice."

24.     The TOS were updated in January 2014 (becoming effective on January 6, 2014) the "2014 Kipu TOS").  The 2014 Kipu TOS governed and restricted Solutions Recovery's use of the Kipu System, as well as those to whom login credentials were provided.  Specifically, the TOS stated that the:

> Structure, organization, flows, processes, and source code of the Service (collectively, "Intellectual Property") are the valuable trade secrets and confidential information of Kipu Systems, LLC.

*See* **Exhibit C**.

25.     The 2014 Kipu TOS also expressly limited the permissible scope of use of the Kipu EMR System.  System users were "authorized only to use the Service for *legitimate business purposes in relation to site-level administration of its facility*".  The 2014 Kipu TOS further stated that "[e]xcept as expressly permitted in writing by Kipu Systems, LLC, User may not modify, port, adapt, or translate the Service" *Id.* (emphasis added).

26.     Users having access log-ins to the Kipu System were further prohibited to:

> reverse engineer, decompile, dissemble, or otherwise attempt to discover or reduce to human readable form the source code of the Service [nor could users] access the service for the purposes of copying the flow, process, or any other Intellectual Property belonging to Kipu Systems for the purposes of incorporating any such Intellectual Property into a competitive product.

*See* Exhibit C.

27.     Unbeknownst to Kipu, from October 10, 2013 until January 16, 2014, Dan Callahan, Sean Callahan and Glaser, with Website Consultants' international programmers, engaged in a targeted mission to log into the Kipu EMR System an astonishing amount of times—over 150 in total—to review the architecture, functionality, process, flows, capabilities and advancements Kipu had developed.

28.     Unable to replicate the Kipu EMR System on their own, Dan Callahan, Sean Callahan and Glaser peppered Kipu's staff with various technical questions, seeking extensive details about the inner development and implementation of the Kipu EMR System.

29.     Under the false impression that Dan Callahan, Sean Callahan and Glaser were genuinely interested in maximizing the benefits of the Kipu EMR System for their addiction treatment center, Solutions Recovery, Kipu earnestly responded to these inquiries.

30.     On or about November 19, 2013, when it came time for Solutions Recovery to pay Kipu for the implementation of the Kipu EMR System, Solutions Recovery flatly stated that it would not be using the product, and needed to pause the service and any bills relating to its use.  Solutions Recovery also stated that it would only be using paper client files.  Indeed, Solutions Recovery paid just $2,000 of the $10,000 due to Kipu for Kipu's custom implementation and extensive technical support.

31.     In fact, Solutions Recovery would then use their existing login credentials to create yet another additional "Super Admin" login, listing a Solutions Recovery e-mail address. However, the additional "Super Admin" credential was not for an actual Solutions Recovery employee.  Instead, it was created for Karkalichev, a Bulgarian programmer serving as Website Consultants' Chief Technology Officer.

32.     On December 2, 2013, Solutions Recovery granted Karkalichev "Super Admin" credentials (through use of the email address yanko@solutionsrehab.com) to access the Kipu EMR System (the "Karkalichev Account").

33.     From December 2, 2013 to January 16, 2014, Karkalichev used those credentials to access the Kipu EMR System 56 times.  Solutions Recovery never disclosed that Karkalichev was a software engineer working in Bulgaria for Sean Callahan and Glaser's company, Website Consultants.

34.     Karkalichev also maintains an office in Plovdiv, Bulgaria, the approximate location of the IP addresses used (or attempted to) log in with various usernames to review the Kipu EMR System.

35.     Upon information and belief, Karkalichev orchestrated three unauthorized "put" attempts in January 2014 to improperly enter the Solutions Recovery's Kipu account through a back-door (which Kipu's security measures successfully thwarted without knowing the source of the attempt).

36.     The chart below summarizes Solutions Recovery's voluminous logins *after* "pausing" use of the Kipu EMR System:

| Name | User Name | User Name Creation Date | Last Sign In Date | # of "Super Admin" Logins |
|---|---|---|---|---|
| Sean Callahan | Sdiggles | October 10, 2013 | January 17, 2014 | 43 |
| Rick Glaser | Rickglaser | October 10, 2013 | November 9, 2013 | 2 |
| Dan Callahan | Dcallahan | October 15, 2013 | November 14, 2013 | 52 |
| Karkalichev | Yankokark | December 2, 2013 | January 15, 2014 | 56 |

37.     There is simply no rational explanation why a 24-bed addiction clinic in Coconut Creek, Florida would provide unlimited "Super Admin" access to the Kipu EMR System to a Bulgarian-based enterprise level software programmer.  Instead, there is only one reason why Karkalichev *would* log-in to the Kipu EMR System: to study and misappropriate Kipu's

workflows and trade secrets, and reverse engineer Kipu's proprietary software in order to create a copycat EMR system.

38.     In fact, Karkalichev was not the only individual that continued to log into the Kipu EMR System for illicit purposes. Sean Callahan's last login was on January 19, 2014, and Glaser's last login was on January 15, 2014. Both came well after Solutions Recovery represented that it was no longer using the Kipu EMR System.

39.     Notably, in the approximate 100 days during which the Kipu EMR System was active at Solutions Recovery, its clinical director, Matthew Rosen, *only logged into the Kipu System once, and for less than a single minute*. It is highly unusual that a clinical director would not have the most logins of any user of the Kipu EMR System.

### ZenCharts' Illicit Financing and Launch of its Copycat EMR System, and Theft of Kipu Clients

40.     To finance the development of the planned ZenCharts system, Glaser, Dan Callahan, and/or Sean Callahan approached Houlihan.

41.     At that time, Houlihan operated an illegal boiler room out of Miami Lakes, Florida, selling stock in a company called Sanomedics International Holdings, Inc. ("Sanomedics") to elderly and unsophisticated investors.[1]

42.     Houlihan would later plead guilty for his role in the $23 million boiler room scam, and was recently sentenced to 111 months in Federal prison.[2]

---

[1] *See* https://www.justice.gov/usao-sdfl/pr/miami-resident-sentenced-15-years-prison-23-million-boiler-room-fraud-scheme (Department of Justice, U.S. Attorney's Office, Southern District of Florida press release entitled "*Miami Resident Sentenced to 15 Years in Prison for $23 Million Boiler Room Scheme*."

[2] *See* http://www.miamiherald.com/news/local/community/miami-dade/miami-lakes/article164437382.html ("*Main Cogs in $23 Million Investment Fraud Get Sentenced to Prison*", Miami Herald, July 30, 2017).

43.     Sanomedics—though Houlihan—agreed to fund the venture.   Houlihan then formed two shell companies, "VitaCura LLC" and "Biscayne Medical LLC", each owned by Sanomedics and controlled by Houlihan.

44.     Upon information and belief, Sanomedics' ill-gotten funds flowed to these shell companies, and ultimately funded the development and programming of ZenCharts' competing EMR system by reverse engineering the Kipu EMR System.

45.     Zen Medical and VitaCura LLC's formation had one purpose: to finance the illicit ZenCharts venture with the proceeds from Sanomedics' $23 million boiler room scam. Tellingly, Sanomedics was listed as Zen Medical's *sole* manager.  This allowed for the simple transfer of Sanomedics' illegally obtained funds to ZenCharts to bankroll the completion of ZenCharts' copycat EMR system, and pay Website Consultant's Bulgarian programmers.

46.     In furtherance of the conspiracy, Sanomedics even moved to 444 Brickell Avenue, Miami, Florida—where Kipu is headquartered.

47.     By June 2014, Dan Callahan, Sean Callahan and Glaser's had uncovered the bulk of the proprietary information needed to create a copy-cat EMR program.

**ZenCharts Launches its Copycat Software and Continues its Surreptitious and Unauthorized Access of the Kipu EMR System**

48.     In January 2015, ZenCharts launched its copycat EMR system (the "ZenCharts System").  By this time, however, the Kipu EMR System had made continued technological advancements.  In comparison, ZenCharts' copycat EMR service was clearly inferior.  However, Solutions Recovery had lost access to the Kipu EMR System, since it had failed to pay Kipu, and

its efforts to hack into Kipu through older, prior use Solutions Recovery's root and sub-level URLs were thwarted by Kipu's security systems.[3]

49.     Houlihan, Dan Callahan, Sean Callahan and Glaser then launched the next phase of their scheme:  third party, disguised access to the Kipu EMR System, and related economic espionage to steal Kipu's clients.

50.     In connection with this phase of the scheme, on or about September 10, 2015, and after Kipu turned off access rights under Sean Callahan's "sdiggles" username, Sean Callahan facilitated a second username – scallahan – with an existing third party Kipu EMR Systems licensee (the "Kipu Client").  The scallahan username was created solely to facilitate Sean Callahan and Website Consultants' continued, unauthorized access to the Kipu EMR System without Kipu's knowledge.  Indeed, from September 10 to early October 2015, the scallahan username obtained from the Kipu Client was used an additional 20 times for purposes of reviewing the inner workings of the Kipu EMR System.  During this period of unauthorized access to the Kipu EMR System, the scallahan username enabled the Defendants unfettered access to a live treatment facility treating real patients, and containing hundreds of thousands of PHI (Patient Health Information) data points protected by HIPAA.

51.     Many of the September-October 2015 scallahan username's unauthorized access originated remotely from computers in Bulgaria, where Karkalichev and Aladzhov maintain offices and/or a physical presence, along with potential other ZenCharts System developers.

52.     These 63 login entries—during the October 10, 2013 to January 19, 2014 timeframe and the additional September-October 2015 timeframe—were used to misappropriate

---

[3] While Kipu was aware of anonymous attempts to hack into its systems, it was not until recently that it discovered these attempts emanated from Bulgaria.

the Kipu EMR System, to steal its underlying trade secrets, and to reverse engineer a copycat program to unfairly compete against Kipu.

53.    Once Kipu discovered the "scallahan" account, Kipu checked the IP address though which the access was made.   Incredibly, the IP address emanated from Bulgaria.  However, the IP address was not merely located in Bulgaria, *it was the exact IP address used to attempt to access the Kipu EMR System through older, prior use Solutions Recovery's root and sub-level URLs.*

54.    Through early October 2015 the scallahan account logged into the Kipu EMR System from the same Bulgarian IP address some 20 times and spent a total of seven hours in the Kipu EMR System.

55.    The reason for the September-October 2015 unauthorized access is clear.   After developing a copycat system in 2013-2014, ZenCharts needed to study and replicate new functionalities, technical improvements, and updates Kipu programmed into the Kipu EMR System—all of which was borne from significant investment and development.

56.    The unauthorized access not only constitutes a misappropriation of Kipu's valuable trade secrets, but allowed unfettered access into hundreds of private medical records.

57.    Patient medical records—and especially those battling addiction—are not only sacrosanct, but are protected by HIPAA.[4]   In stealing Kipu's proprietary information and clients, the Defendants have exhibited an astonishing insensitivity and disregard for Federal privacy laws and individual patient privacy.

---

[4] HIPAA – The Health Insurance Portability and Accountability Act of 1996 provides for civil fines and in some cases, imprisonment where medical files containing patient health information ("PHI") are accessed by an individual or entity to sell, transfer, or use an individual's PHI for commercial advantage, personal gain or malicious harm.

58.     Furthermore, the unfettered access permitted ZenCharts to misappropriate key Kipu functionalities.  As an example, ZenCharts brazenly misappropriated Kipu's OTO® program—calling its copy-cat system the "OTO option"—a counterfeit and a willful infringement of Kipu's registered OTO Mark.

59.     Having relocated to Kipu's headquarters, Houlihan is believed to have eavesdropped on Kipu's communications with Kipu clients.  ZenCharts would then target those same clients, offering them the copycat ZenCharts EMR system at a steep discount to the Kipu EMR System.

60.     ZenCharts has since employed even more brazen methods to promote the copycat ZenCharts EMR system—including offering bribes to Kipu employees for information regarding Kipu's technology and customer lists.

61.     In September 2015, Houlihan officially formed "Zencharts LLC" with the Florida Department of State's Division of Corporations.

**Kipu EMR System Trade Secrets Misappropriated in the ZenCharts System**

62.     The Kipu EMR System is comprised of numerous trade secrets, all of which meet the criteria defined by 18 U.S.C. § 1839(3).  These trade secrets are in the form of financial, business and economic information, including designs, methods, techniques, processes, and procedures which are writings stored or memorialized electronically (as well as in print form).

63.     Kipu is the sole owner of these trade secrets under 18 U.S.C. § 1839(4), and the only entity that has rightful legal or equitable title to these trade secrets (including those trade secrets created prior to the formation of Kipu in 2012).

64.     Kipu, as the 18 U.S.C. § 1839(4) owner of the trade secrets, has taken reasonable measures to keep this underlying information secret as required by 18 U.S.C. § 1839(3)(A).

65.     The "reasonable measure" standard of 18 U.S.C. § 1839(3)(A) is satisfied by the following:

> "by 'not having this information accessible to the public; only having portions of this information known on a need-to-know basis by those [the trade secret owner] worked with or employed; having it known that this information was to remain confidential; having [the trade secret owner's] business accounts password protected; having [the trade secret owner's] business accounts only known to [the alleged misappropriator], except as they were divulged to [those in a] position of trust . . . when acting as [the trade secret owner's] agent and/or employee for marketing and sales purposes.'"

66.     Kipu's various reasonable measures includes the employment of written license agreements with prospective and/or actual licensees, obligating users to "click-through" approve of Kipu's TOS.  The Kipu TOS restricts users and limits the manner they can use the Kipu EMR System, and requires the use of user accounts and passwords.  The Kipu TOS also have specific and express confidentiality obligations as well as prohibitions against reverse engineering and/or dissembling of the Kipu EMR System.

67.     Trade secrets developed and now owned by Kipu, as found within the Kipu EMR System include (a) the OTO program, (b) the OTO algorithm, (c) Kipu EMR System workflows, and (e) the overall Kipu EMR System architecture (hereinafter collectively referred to as the "trade secrets").  These trade secrets were developed over the course of many years and at great expense, entirely by Kipu's U.S.-based development team and programmers.

68.     Kipu's trade secrets are intended for, and used in, interstate commerce through their employ within the Kipu EMR System.

69.     Without the Kipu trade secrets, the functionality and usefulness of the Kipu EMR System would be negligible, meaning the Kipu trade secrets derive independent economic value from not being generally known and subject to commercial exploitation by competitive third parties.

70.     The Defendants improperly used and employed the Kipu EMR System in an unauthorized manner that violated the Kipu TOS, as the Defendants' unauthorized access did not have a legitimate business purpose related to the site-level administration of an addiction treatment center.

71.     As one of many examples, Kipu has created certain system workflows to better improve clinical staff efficiencies.

72.     This includes, for example, clinical staff signatures for an evaluation, as well as a review functionality.   Kipu created these fields and inputs to accomplish such evaluations.

73.     Upon review of publicly available information on the ZenCharts' EMR System, such evaluation protocol likewise includes overlap signatures (as well as separate review signatures), all having similar fields and inputs.

74.     The promotion, sale and use of the ZenCharts' EMR System is a continued misappropriation of Kipu's trade secrets, which has continued from October 2013 to the present day.  Because ZenCharts' EMR System is based upon and derived from the Kipu EMR System, a temporary, and later permanent injunction is required to protect Kipu's intellectual property rights.

**The Defendants' Counterfeiting and Related Infringement of the OTO Mark**

75.     The Kipu EMR System contains several distinctive non-functional source identifying indicia which associate the EMR system as originating from Kipu. One such example is the OTO Mark, which represents the underlying features and functionality of Kipu's OTO Program.  Its proprietary algorithm assists in addressing treatment for relapsed patients.

76.     The OTO Mark has achieved notoriety in the drug and alcohol addition treatment industry, based upon considerable efforts by Kipu in the marketing, advertising and promotion of the Kipu EMR System.  Moreover, the OTO Mark is distinctive (either inherently and/or through

acquired distinctiveness) as such maintains secondary meaning to the relevant consumers of the Kipu EMR System.

77.     The OTO Mark connotes considerable good will and repute, as it relates to the OTO Program, a unique and proprietary aspect of the Kipu EMR System.

78.     In short, the OTO Mark is affiliated with an indication (through the algorithm found within the OTO Program) whether a relapsed patient is not suitable for return treatment based upon a variety of uniquely selected factors—and instead should only be treated once by the treatment center.

79.     The OTO Mark is strongly associated as being a part of the Kipu System as well as Kipu's unique software offerings – and is thus highly coveted as a unique part of Kipu's branding strategy.  Current and potential Kipu customers have come to recognize and associate the OTO Mark solely and exclusively with Kipu.

80.     Throughout the October 2013 to January 2014 timeframe, when Solutions Recovery, SRL, Dan Callahan, Callahan Holdings, and Website Consultants engaged in a carefully orchestrated and illicit plot to review the inner workings, functionality and source identifying components of the Kipu EMR System, these Defendants also copied unique attributes of the OTO Program.  In doing so, and as demonstrated below, ZenCharts would call its relapse patient algorithm the "OTO option":



81.    As shown in the above screen capture, this confusingly similar indicia and use of the term "OTO option" with related visual representations risks consumer confusion.   In addition, it provides and/or suggests that ZenCharts is authorized and/or licensed to use the Kipu EMR System's OTO Program.

82.    As ZenCharts uses the exact mark—OTO—which is a registered Kipu trademark, ZenCharts (as well as its predecessor in interest Zen Medical) created a "counterfeit mark" as defined by 15 U.S.C. 1116(d).   ZenCharts (as well as its predecessor in interest Zen Medical) have adopted and are now using the OTO Mark on the same exact EMR related services, to the same types of drug and alcohol addiction treatment centers which typically license the Kipu EMR Software.

83.    Moreover, ZenCharts (as well as its predecessor in interest Zen Medical) uses "OTO" as a spurious designation that is identical to (or substantially indistinguishable from) the OTO Mark in connection with the same exact services Kipu provides.

84.     In addition to being a spurious designation, ZenCharts' (as well as its predecessor in interest Zen Medical) use of "OTO" in the ZenCharts System is a reproduction, copy or colorable imitation of the OTO Mark in connection with the sale of services in competition with Kipu, which are likely to cause confusion, mistake and/or to deceived, in violation of 15 U.S.C. 1114(1)(a).

85.     Lastly, such use of "OTO" in the ZenCharts System violates 15 USC 1125(a) in that use of OTO creates a false designation of origin that is likely to cause mistake, or to deceive consumers as to affiliation, connection of association with Kipu.

86.     Kipu spends millions of dollars per year maintaining, improving, and updating the Kipu EMR System, including advertising and promotions under the marks KIPU and OTO.

87.     Kipu takes reasonable and appropriate measures in protecting its intellectual property, including its valuable trademark registrations.

88.     In an unfortunate effort to increase the risk of consumer confusion – as well as related acts of adopting a spurious designation - ZenCharts (including but not limited to its agents and affiliates) as well as Sean Callahan and Glaser, have contacted Kipu employees to solicit information regarding Kipu's functional capabilities.

89.     This effort has included offering referral fees to Kipu employees if an existing Kipu customer is referred to ZenCharts.

90.     In early 2016, certain of Kipu's clients notified Kipu that ZenCharts contacted them and offered the competing ZenCharts System. Upon review, these clients remarked that the functionality was derived and/or copied from the Kipu EMR System, and remarked as to the use of the OTO Mark (questioning whether there was a license grant or approval).

91.     In marketing the Kipu EMR System to prospective new clients, Kipu has been told that ZenCharts appears to be an affiliated EMR system to Kipu, offered at a discounted price.

92.     As such, Kipu is suffering (and will continue to suffer) irreparable harm unless the Defendants are preliminarily (and then later permanently) enjoined from the foregoing infringing and unlawful acts.  Kipu has been damaged considerably by the foregoing actions and is entitled to fair and appropriate financial compensation for the ill-gotten gains made by the Defendants through the creation and later sale of the copycat, infringing ZenCharts System.

## THE PARTIES AND THEIR RELATION TO THE STATEMENT OF FACTS

### a.  Kipu and its Proprietary, Industry-Leading EMR Software

93.     Kipu was formed and organized on September 30, 2012, and is located at 444 Brickell Avenue, Suite 850, Miami, Florida 33131. , Over the last seven years Kipu—and its founders before Kipu's formation—designed, developed, architected, programmed and advanced a proprietary, industry leading cloud-based EMR system marketed under the name KIPU.

### b.  The Defendants, their Affiliated Entities, and Co-Conspirators

#### i.      *Solutions Recovery (Solutions Recovery Center LLC)*

94.     Solutions Recovery, which also does business under the trade name "Addiction Solutions of South Florida," is a Florida limited liability company located at 6115 Lyons Road, Coconut Creek, Florida 33073.  Solutions Recovery markets itself as a 24-bed drug and alcohol treatment center.

#### ii.     *SRL (Solutions Recovery LLC)*

95.     SRL was a Florida limited liability company formed on or about October 28, 2013, and was located at 16145 State Road 7, Unit D, Delray Beach, Florida 33446.  SRL was administratively dissolved on or about September 23, 2016.  Upon information and belief, SRL

is a Solutions Recovery affiliate.  Dan Callahan is its last known manager.  Upon information and belief, SRL had access to, accessed, and/or benefited from the Kipu EMR System, with such access obtained through Dan Callahan's "Super Admin" login credentials.

    *iii.*    <u>*Website Consultants*</u>

96.    Website Consultants is a Florida corporation organized on or about August 8, 2009, initially located at 11680 Tundra Drive, Unit 3103, North Fort Myers, Florida 33917.

97.    On or about October 23, 2013 (two weeks after execution of the 2013 License Agreement), Website Consultants changed its business address to 16145 State Road 7, Unit D, Delray Beach, Florida 33446, the exact address of Callahan Holdings.  Website Consultants purports to provide "enterprise level" computer programming, software development, and related web-based design services.[5]

98.    Website Consultants is the registrant and owner of the Solutions Recovery Website, which lists Glaser as its principal contact.[6]  The Website Consultants website also identifies as its officers Sean Callahan (CEO), Glaser (Chief Marketing Officer), Karkalichev (Chief Technology Officer), and Seamus Callahan (Account Manager).  Aladzhov identifies himself as an agent and/or consultant of Website Consultants.  *See* http://www.aladzhov.com/portfoliov2/zencharts-app/ (last viewed December 29, 2017).

    *iv.*    <u>*Callahan Holdings*</u>

99.    Callahan Holdings was a Florida corporation formed on or about February 23, 2015, and was located at 150 East Palmetto Park Road, Suite 800, Boca Raton, Florida 33432.

---

    [5] Attached as **Exhibit D** is a true and correct copy of a screen shot of www.websiteconsultants.org/our-services/ (last viewed December 27, 2017) which identifies these enterprise level computer design services.

    [6] Attached as **Exhibit E** is a true and correct copy of the WHOIS information for the Solutions Recovery website.

Callahan Holdings was administratively dissolved on or about September 22, 2017. At all relevant times, Seamus Callahan was Callahan Holdings' sole owner and manager. Upon information and belief, Callahan Holdings was formed to provide computer programming and/or related web development assistance to Website Consultants for purposes of creating the copycat ZenCharts EMR system.

      v.    *Zen Medical*

100.    Zen Medical, originally named "Biscayne Medical LLC", was a Florida limited liability company formed on or about June 30, 2014, and was located at 7777 Glades Road, Suite 100, Boca Raton, Florida 33434. Zen Medical was administratively dissolved on September 23, 2016.

101.    Sanomedics acted as Zen Medical's sole manager. As set forth above, Sanomedics was nothing more than a boiler room scam directed Houlihan, Zen Medical's former CEO.

      vi.    *ZenCharts*

102.    ZenCharts is a Florida limited liability company organized on September 14, 2015 and located at 7777 Glades Road, Suite 100, Boca Raton, Florida 33434 (the same exact location as Zen Medical). ZenCharts has also maintained a business address at 444 Brickell Avenue, Miami, Florida 33131, the same address as Kipu's headquarters.

103.    According to the USPTO's assignment records, on October 20, 2016 (one month after Houlihan's indictment) Zen Medical assigned to ZenCharts all rights to the ZenCharts Logo (as defined below). The USPTO assignment was effectuated by Sean Callahan, who was never identified as a manager or executive of Zen Medical in its corporate records. Upon information and belief, Zen Medical similarly assigned to ZenCharts all rights and title to the ZenCharts' copycat EMR system.

104.    Upon further information and belief, the assignment of trademarks to ZenCharts was part of an effort to distance the ZenCharts System from the Sanomedics/Houlihan fraud, and as a vehicle to quickly transfer Sanomedics' assets after Houlihan's indictment and after Sanomedics was forced into an involuntary bankruptcy.[7]

105.    On or about July 25, 2016 Zen Medical filed a Section 1(a) trademark application before the UPSTO for the ZenCharts logo in Class 42 (alleging a first use in commerce date of January 2015) (the "ZenCharts Logo") which became Trademark Application Serial Number 87/115,058.    ZenCharts is the successor-in-interest (assigned from Zen Medical) to the ZenCharts System, and actively engages in the marketing, promotion, and distribution of that misappropriated software – under the ZenCharts Logo.

   *vii.*    *Glaser*

106.    Glaser is an individual working at 7777 Glades Road, Suite 100, Boca Raton, Florida 33434 (same address as ZenCharts and formerly Zen Medical).    Glaser is Solutions Recovery's former managing member and CFO, the primary contact for the Solutions Recovery Website, the current Chief Marketing Officer of Website Consultants, as well as one of the five known software programmers who illicitly created the ZenCharts System.

   *viii.*    *Sean Callahan*

107.    Sean Callahan is an individual working at 11680 Tundra Drive, Unit 3103, North Fort Myers, Florida 33917.    Sean Callahan is a Solutions Recovery's former manager, and at all relevant times was an co-owner of Website Consultants and one of the software developers who created the ZenCharts System.    The Website Consultants website touts Sean Callahan's "wealth

---

[7] *In Re Sanomedics, Inc.*, Bankruptcy Court Case No. 1:16-bk-21659 (Hon. Robert A. Mark, S.D. Fla.).

of experience" as a "user experience designer" and "front end developer" for software.   Below is

his Facebook profile (listing himself as Zen Chart's CIO):



ix.   *Dan Callahan*

108.   Dan Callahan is an individual working in Coconut Creek, Florida.   He is the

primary owner of Solutions Recovery and its CEO/Program Director.   He is also the last known

manager and/or owner of SRL before its September 2016 administrative dissolution.   As shown

below, Dan Callahan holds himself out to the public as one of ZenCharts' two co-founders:



x.   *Keith Houlihan*

109.   Houlihan (who also uses the alias Keith Hootie) is an individual whose last known address was 18008 Jazz Lane, Boca Raton, Florida 33496.   Houlihan consented to surrender himself to Federal authorities to serve his 111 month sentence for his participation in the $23 million Sanomedics "boiler room" fraud.   To date, he has yet to begin serving his sentence.

110.   Houlihan is the "[c]o-founder and former CEO" of ZenCharts "who skillfully guided [the] innovative and disruptive EMR from concept to commercialization in record time." *See* www.KeithHoulihan.com (last viewed Dec. 27, 2017).   Houlihan is now attempting to distance himself from ZenCharts by removing from LinkedIn any identification of the EMR company he "co-founded" and instead suggests he is now merely a "coffee enthusiast":



xi.   *Seamus Callahan*

111.   Seamus Callahan is an individual working at 150 East Palmetto Park Road, Suite 800, Boca Raton, Florida.   Callahan is the last known owner and director of Callahan Holdings

before its administrative dissolution.  He is currently an officer of Website Consultants, and is one of the software developers tasked to create the copycat ZenCharts.

   *xii.*    *Karkalichev*

112.   Karkalichev is an individual who maintains an office address at 16145 State Road 7, Unit D, Delray Beach, Florida 33446 (the same address as Website Consultants, and formerly of SRL).  Karkalichev serves as Website Consultants' Chief Technology Officer (CTO) and is one of the five software developers tasked to create the copycat ZenCharts System.  According to the Website Consultants' website, he holds a degree in "Software Engineering" and creates enterprise level software.  His LinkedIn profile confirms his role as an executive of Website Consultants:



113.   Aladzhov is an individual who maintains an office address at 16145 State Road 7, Unit D, Delray Beach, Florida 33446 (the same address as Karkalichev).  He also maintains a business location in Sofia, Bulgaria.  According to his LinkedIn Profile he publicly touts he is a "Contractor" of Website Consultants:



Aladzhov also identifies himself on http://www.aladzhov.com as being an agent of Website Consultants:



## JURISDICTION AND VENUE

114.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

115.     This Court has personal jurisdiction over the Defendants on the grounds that Defendants reside in this judicial district and/or conduct substantial and not isolated business activities in this judicial district.

116.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and/or (2) because (i) a substantial part of the events giving rise to the claims occurred within this judicial district; (ii) certain of the Defendants reside within this judicial district; and (iii) certain of the Defendants have a principal place of business within this judicial district.

117.     The 2014 Kipu TOS also state that "[i]n the event of a dispute involving Intellectual Property, including copyright, trademark, or any other cause of action provided for by law [*i.e*, trade secret law], venue shall be proper in the appropriate Federal or State Court, as dictated by the cause of action, with jurisdiction over Miami-Dade County, Florida.

## COUNT I
### VIOLATIONS OF FLORIDA'S COMPUTER ABUSE AND DATA RECOVERY ACT
### Florida Statute § 668.801-805
(against all Defendants)

118.     Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

119.     This Count I is an action, pursuant to Florida's Computer Abuse and Data Recovery Act ("CADRA"), directed against all Defendants regarding their knowing and clandestine acts to obtain information from Kipu's servers (and related computers) regarding the Kipu EMR System through unauthorized access, and by the nefarious acquisition of login credentials.

120.     One of two primary purposes of CADRA, set forth in Florida Statute § 688.801(1), is to protect and safeguard the owner of information stored on a "protected

computer" used in the operation of a business from harm or loss caused by unauthorized access to such computer.

121.    A "protected computer" is defined broadly in Florida Statute § 668.802(6)&(7) to include a computer used in connection with the operation of a business that stores information, programs or code in which the stored information, programs or code can be accessed only by employing a technological access barrier ("a password, security code . . . or similar measure").

122.    CADRA prohibits an individual who knowingly and with intent to cause harm or loss "obtains information from a protected computer without authorization and, as a result, causes loss or harm" or "causes the transmission of a program, code, or command to a protected computer without authorization and, as a result of the transmission, causes harm or loss."   *See* Fla. Stat. § 688.803.

123.    While a user may have previously obtained access or log-in credentials appropriately (*i.e.*, was an "authorized user"), a login to a protected computer qualifies as "without authorization" when the later access "[c]ircumvents a technological access barrier on a protected computer without the express or implied permission of the owner . . . or the express or implied permission of the owner of information stored in the protected computer."

124.    Under CADRA, a sufficient "harm" may be any impairment to the integrity, access, or availability of programs, systems or information."   *See* Fla. Stat. § 688.802(4) Likewise, a "loss" may include any form of economic damages, lost profits, consequential damage, or "profits earned by a violator as a result of the violation." *See* Fla. Stat. § 688.802(5).

125.    Kipu's operation of the Kipu EMR System requires Kipu to employ servers that meet the definition of a "Computer" and "Protected Computer" because the Kipu EMR System servers are high speed data processing devices that perform logical and storage functions.  In addition, the Kipu EMR System servers require users to enter a user name and password (a

technological access barrier) to access the Kipu EMR System. Kipu's employ of a username and password is sufficient to effectively control access to Kipu's protected computers because the usernames and passwords are individually created and not publicly available information.

126.    Between October 10, 2013 and January 16, 2014, Kipu allowed for certain "Super Admin" login-in rights (via appropriate technological access barriers) to be provided to Dan Callahan, Sean Callahan, Glaser and later Karkalichev—all under the false pretense that they were involved in the implementation of Solutions Recovery's license of the Kipu EMR System.

127.    Between September 10, 2015 to early October 2015, these Defendants again accessed the Kipu EMR System under false pretenses, after obtaining a username and "Super Admin" log-in rights through a Kipu client.

128.    In reality, Dan Callahan, Sean Callahan, Glaser and Karkalichev (individually and through the various Defendant entities) employed their "Super Admin" login-credentials during the above mentioned periods for the primary purpose of reviewing and understanding the underlying structure, organization, flows, processes, and function of the source code found within the Kipu EMR System. As such, Dan Callahan, Sean Callahan, Glaser and Karkalichev were not "authorized users" of the Kipu EMR System due to the manner and purpose for which they gained access to Kipu's protected computers and/or servers.

129.    During these times, Solutions Recovery, as well as Dan Callahan, Sean Callahan, Glaser and Karkalichev (and/or those acting under their direction, control and/or supervision, including, but not limited to, Website Consultants, SRL, Callahan Holdings, Seamus Callahan, and Aladzhov) employed these four "Super Admin" login-credentials some 150 times. Each time, these "users" were required to "click" and agree to the terms of Kipu's TOS.

130.    Under the 2014 Kipu TOS, each of the aforementioned parties had to recognize that the underlying structure, organization, and flows of the Kipu EMR System were valuable

trade secrets, confidential information, and intellectual property owned by Kipu.  Moreover, each time the user would log-in they agreed that they could only access the Kipu EMR System for a "legitimate business purposes in relation to site-level administration of its facility."

131.    As such, none of the Defendants were "authorized users" under either the 2014 Kipu TOS or CADRA, and their log-ins were a circumvention of a technological access barrier.

132.    Each of Defendants who accessed the Kipu EMR System through the "Super Admin" login credentials provided to them either by Kipu or a Kipu client qualify as a "user" under CADRA who has knowingly and with intent to cause harm obtained information from Kipu's computer servers which maintain the Kipu EMR System, without Kipu's authorization, which actions have caused Kipu to suffer damages.

133.    Kipu is entitled to injunctive relief against Defendants to protect Kipu from future violations of Florida Statute § 688.803.

134.    Kipu is further entitled to recover any and all information that Defendants misappropriated (including all copies of the ZenCharts System and ZenCharts code) that were obtained through CADRA violations.

135.    Kipu is also entitled to its reasonable attorneys fees.

136.    Kipu's remedies under CADRA are in addition to remedies available for the same conduct under federal or state law.

## COUNT II
### BREACH OF CONTRACT (2013 LICENSE AGREEMENT)
(against Solutions Recovery only)

137.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

138.    This Count II is an action, under the common law of the state of Florida, for Solutions Recovery's breach of the 2013 License Agreement.

139.     Kipu performed each and all of its obligations under the 2013 License Agreement, or was excused from doing so.

140.     Solutions Recovery materially breached the 2013 License Agreement by failing to comply with its payment obligations thereunder.

141.     Specifically, the 2013 License Agreement required Solutions Recovery to pay Kipu $2,000.00 upon the executing the 2013 Licensing Agreement, and an additional $1,000.00 per month for the eight months period commencing on December 1, 2013.

142.     Solutions Recovery never tendered any of the eight $1,000.00 monthly payments.

143.     As a direct and proximate result of Solutions Recovery's breach of the 2013 License Agreement, Kipu has suffered damages in an amount to be determined at trial.

<u>COUNT III</u>
**BREACH OF CONTRACT (KIPU JANUARY 2014 TERMS OF SERVICE)**
(against all Defendants)

144.     Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

145.     This Count III is an action, under the common law of the state of Florida, for breach of contract.

146.     Each of the Defendants entered into the 2014 Kipu TOS and agreed, on their own behalf and on behalf of those acting under their direction, to be bound by its terms and conditions.

147.     Kipu performed each and all of its obligations under the 2014 Kipu TOS, or was excused from doing so.

148.     The Defendants breached the 2014 Kipu TOS by, *inter alia*, engaging in activities that were "not for a legitimate business purpose" as well as failing to use the Kipu EMR System for site level administration of an addiction treatment facility.  These illegitimate activities

include, without limitation, reverse engineering of the Kipu EMR System, copying work flows and other Kipu intellectual property, and accessing the Kipu EMR System to develop a competing, infringing product.

149.    As a direct and proximate result of Defendants' breaches of the Kipu 2014 TOS, Kipu has incurred damages.

**COUNT IV**
**MISAPPROPRIATION OF TRADE SECRETS – 18 U.S.C. § 1836(b)**
(against all Defendants)

150.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

151.    This Count IV is an action against the Defendants for violation of 18 U.S.C. § 1836(b).

152.    The OTO program, the OTO algorithm, Kipu EMR System workflows, and Kipu System architecture constitute trade secrets within the meaning of 18 U.S.C. § 1839(3) as they are types of business, technical information, engineering information, patterns, formulas, techniques, procedures, programs, and codes that Kipu has taken reasonable measures to keep secret (including the employ of the Kipu TOS and requirement for users to have user names and passwords).

153.    Kipu owns the trade secrets.

154.    The Defendants used, accessed, reviewed, maintained and/or employed the Kipu EMR System to misappropriate Kipu's trade secrets, including, but not limited to, the OTO program, the OTO algorithm, Kipu EMR System workflows, and Kipu EMR System architecture.

155.     Defendants knew, or had reason to know that they acquired Kipu's trade secrets by improper means, and/or disclosed or used those trade secrets without Kipu's express or implied consent.

156.     Kipu derives economic value from its trade secrets as they are not generally known to, and not readily ascertainable by, other persons who may be able to obtain economic value from their disclosure or use within the meaning of 18 U.S.C. § 1839(3)(B).

157.     Kipu has made reasonable efforts to maintain the secrecy of its trade secrets, including, without limitation, requiring the use of usernames and passwords to limit the access to its trade secrets.

158.     As a result of the Defendants' actions Kipu has suffered damages, and will continue to suffer irreparable injury unless the Defendants' conduct is preliminarily and then permanently enjoined under 18 U.S.C. §1836(b)(3)(A).

159.     Such preliminary (and then later) permanent injunction should be sufficient in scope and effect so as to prevent any actual or threatened misappropriation, as identified above, on such terms as this Court deems reasonable to prevent the Defendants from further misappropriation.

160.     The Defendants' conduct was willful and malicious, with disregard for Kipu's rights, so as to justify an award of attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

161.     The Defendants' conduct requires the Defendants to pay damages to Kipu for (i) Kipu's actual loss caused by the misappropriation of Kipu's trade secrets and (ii) damages for any unjust enrichment caused by the Defendants' misappropriation of Kipu's trade secrets.

162.     Moreover, the Defendants' conduct was so willful and malicious so as to justify and warrant exemplary damages under 18 U.S.C. § 1836(b)(3)(C) in the amount twice that of the amount of damages incurred by Kipu.

## COUNT V
### CIVIL CONSPIRACY TO COMMIT TRADE SECRET THEFT
(against Glaser, Sean Callahan, Dan Callahan, Houlihan,
Karkalichev, Seamus Callahan and Aladzhov)

163.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

164.    This Count V is an action for civil conspiracy to commit trade secret theft directed against Glaser, Sean Callahan, Dan Callahan, Houlihan, Karkalichev, Seamus Callahan and Aladzhov in their individual capacities.

165.    Between approximately October 2013 to January 2014, Glaser, Sean Callahan, Dan Callahan, Seamus Callahan, Karkalichev, and Aladzhov engaged in some 150 unauthorized and inappropriate logins, in a carefully organized and clandestine scheme to review and misappropriate Kipu's trade secrets, and the inner workings and functionality of the Kipu EMR System, including, without limitation, the OTO program, the OTO algorithm, the Kipu EMR System workflows, and the Kipu EMR System architecture.

166.    In January 2014 Kipu disabled the login credentials Glaser, Sean Callahan, Dan Callahan, Seamus Callahan, Karkalichev, and Aladzhov used and employed to engage in these illicit acts.

167.    Between January 2014 to September 2015, Kipu greatly improved the functionality and capabilities of its Kipu EMR System.

168.    In or about September 10, 2015, Sean Callahan improperly and without authorization from Kipu obtained a username from a Kipu client, which username was then used by Sean Callahan, Seamus Callahan, Karkalichev, and Aladzhov to make 20 some unauthorized logins to the Kipu EMR System during a two-week period.  These unauthorized acts were all

done under the authorization, knowledge, approval, consent and/or guidance of Houlihan, Glaser, Sean Callahan, Dan Callahan, and Seamus Callahan, Karkalichev, and Aladzhov.

169.    These unlawful acts – conducted during these two timeframes – were all in furtherance of a carefully planned conspiracy to steal Kipu's trade secrets and misappropriate proprietary information regarding the Kipu EMR System, and to develop a copycat, competing product.

170.    All of the foregoing occurred without Kipu's knowledge, authorization or consent.

171.    As a result of the foregoing, Kipu has suffered damaged, for which Houlihan, Glaser, Sean Callahan, Dan Callahan, Seamus Callahan, Karkalichev, and Aladzhov are jointly and severally liable.    These damages include Kipu's (i) actual loss caused by the misappropriation of the trade secrets; and (ii) damages for any unjust enrichment caused by misappropriation of the trade secrets that is not addressed in computing damages for actual loss.

## COUNT VI
### CONVERSION OF CONFIDENTIAL AND PROPRIETARY INFORMATION
(against all Defendants)

172.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

173.    This Count VI is an action for conversion, under the common law of the state of Florida, regarding the Defendants' unauthorized conversion of Kipu's trade secrets and other proprietary and confidential elements of the Kipu EMR System, and specifically those elements which may not necessarily rise to the level of a trade secret as defined under 18 U.S.C. § 1836.

174.    The Defendants, on multiple occasions, did knowingly, willfully, unlawfully, and with intent to steal, commit an act of conversion of the Kipu's intellectual property, including, without limitation, the Kipu EMR System and its underlying components.

175.    These acts of conversion were committed with the intent to permanently, or for an indefinite time, deprive Kipu of its rightful possession, access to and use of the converted property, and to deprive Kipu of the value of converted property.

176.    As a direct and proximate result of the conduct of Defendants, Kipu has suffered the deprivation of its property.

177.    The Defendants' actions have interfered with Kipu's enjoyment of its ownership rights over the converted property, over which the Defendants have improperly exercised acts of dominion and control.

178.    Further the Defendants' actions have created the opportunity to disclose, distribute, and/or sell the converted property, which property provides Kipu with a competitive advantage.

179.    As a direct and proximate result of the Defendants' conduct, Kipu has suffered and will continue to suffer damages.

180.    As such, Kipu seeks (i) compensatory damages equal to the loss incurred as a result of the Defendants' actions and proximately caused by the Defendants' misconduct; (ii) a preliminary and permanent injunction; (iii) punitive damages; (iv) costs of this action; and (v) such additional relief as the Court deems appropriate or to which Kipu may be entitled by law.

## COUNT VII
### COMMON LAW TRESPASS TO CHATTELS
(against all Defendants)

181.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

182.    This Count VII is a claim for trespass to chattels, under the common law of the State of Florida, and is directed against all Defendants.

183.     Between October 2013 and the present, Defendants knowingly, willfully, and unlawfully committed a trespass to chattels of Kipu's property.   Without authorization or permission, the Defendants trespassed upon the Kipu's property, namely its Kipu EMR System, all in order for the Defendants to employ this sensitive information—developed and wholly owned by Kipu—for their own illicit purposes.

184.     The Defendants committed the aforementioned conduct with the intent and purpose of depriving Kipu of the competitive advantages, benefits, and value contained within the information taken, for the purposes of gaining an unfair competitive advantage in the market.

185.     Kipu has suffered irreparable injury, and will continue to suffer irreparable injury without preliminary and permanent injunctive relief.

186.     Kipu has sustained monetary losses as a direct and proximate result of the aforementioned conduct of the Defendants.

## COUNT VIII
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. §§ 1114(1) AND 1116(d)(1)(B)
(against all Defendants)

187.     Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

188.     This Count VIII is an action for counterfeiting, under Sections 32(1) and 34(d)(1)(B) Lanham Act, directed against all Defendants.

189.     The Defendants' unauthorized use of the term "OTO option" constitutes use of spurious marks identical with, or substantially indistinguishable from, the OTO Mark, which is federally registered and owned by Kipu.

190.     The Defendants' acts have caused and/or are likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendant's EMR software offerings.

191.    ZenCharts and the Defendants which own or control ZenCharts are advertising and promoting ZenCharts' competing EMR software, which uses and shows the OTO Mark. However, the ZenCharts System is of inferior quality to the Kipu EMR System.

192.    The Defendants' acts constitute trademark counterfeiting in violation of Sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116(d)(1)(B).

193.    The Defendants' acts have, and continue to irreparably damage Kipu and Kipu will continue to sustain such damages.

194.    Unless the Defendants are restrained by the Court, Kipu is without an adequate remedy at law.

195.    Accordingly, Kipu is entitled to, among other relief, an order permanently enjoining and restraining Defendants from using the OTO Mark in connection with the sale of non-genuine EMR software offerings.

**COUNT IX**
**INFRINGEMENT OF UNITED STATES TRADEMARK REGISTRATION**
**15 U.S.C. § 1114**
(against all Defendants)

196.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

197.    This Count IX is an action for willful infringement of Kipu's federally registered trademark—the OTO Mark-- under 15 U.S.C. §1114.

198.    Kipu maintains exclusive and unencumbered rights to United States Trademark Registration No. 5,127,508 for the standard character mark OTO in International Class 42 for "[p]roviding temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records . . . for

addiction treatment facilities and other healthcare related facilities[.]" (as previously defined, the "OTO Mark").

199.    United States Trademark Registration No. 5,127,508 identifies that the OTO Mark was first used in Interstate Commerce in January 2012—well prior to the October 1, 2013 demonstration of the Kipu EMR System at Solutions Recovery's Coconut Creek facility, attended by Glaser, Sean Callahan, and Dan Callahan.

200.    The underlying trademark application was filed on May 20, 2016.  On or about September 13, 2016, the USPTO trademark examining attorney issued an examiner's amendment noting how she "ha[d] searched the USPTO's database of registered and pending marks and ha[d] found no conflicting marks that would bar registration under Trademark Act Section 2(d)."  Thus, there was no office action ever issued during prosecution of the underlying trademark application, which became United States Trademark Registration No. 5,127,508.

201.    On October 19, 2016, a notice of publication was issued, denoting a publication date of November 8, 2016.  During the publication period (November 8, 2016 to December 8, 2016, no oppositions were filed regarding or opposing Kipu's exclusive rights to use the OTO Mark.

202.    On January 24, 2017, the USPTO issued United States Trademark Registration No. 5,127,508 for the mark OTO.

203.    Kipu's registration of its OTO Mark before the UPSTO is conclusive evidence of the validity and enforceability of Kipu's rights to the OTO Mark.

204.    The Defendants' later adopted and wrongful use of the OTO Mark in conjunction with offering a competing line of EMR software used in the drug and alcohol addiction treatment industry, to the same target group of customers, is likely to cause confusion, mistake or

deception as to source, sponsorship, affiliation, or authorization by Kipu or alternatively, to destroy the origin-identifying function of Kipu's registered trademark.

205.    As a proximate result of the Defendants' willful conduct and actions, Kipu has suffered, and will continue to suffer, significant damages to its business, reputation, and goodwill, unless the Defendants are restrained by the Court, and Kipu is entitled to recover damages for this injury.

206.    Kipu's remedy at law is inadequate to compensate it for the injuries it will suffer in the future for the continued acts of infringement alleged herein.

207.    The foregoing acts of infringement by Defendants in appropriating the OTO mark has been, and continues to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C §1117.

208.    Kipu is entitled to a permanent injunction against the Defendants, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

**COUNT X**
**FEDERAL UNFAIR COMPETITION – PASSING OFF**
**15 U.S.C. §1125(a)**
(against all Defendants)

209.    Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

210.    This Count X is an action for federal unfair competition under 15 U.S.C. §1125(a) directed to all Defendants regarding the unauthorized use of Kipu's trade name OTO, as well as associated indicia within the interfaces of its Kipu EMR System.

211.    Kipu maintains exclusive, strong and unencumbered rights to the trade name OTO.

212.    The Defendants have knowingly and intentionally used the name "OTO" and/or "OTO Option" (the "Infringing Name") in their competing ZenCharts System – as well as in the related marketing and promotion of their competing EMR software.

213.    The Defendants' use of the Infringing Name suggests to relevant and prospective customers seeking EMR software for addiction treatment centers that the ZenCharts System is affiliated, sponsored, endorsed, licensed or related to Kipu and/or the Kipu EMR System, and its related rights to the trade name OTO, when it is not.

214.    Defendants' advertising and marketing of its misappropriated software under the Infringing Name all leads to the suggestion that there is some affiliation, endorsement, license or relationship between ZenCharts and Kipu, when there is not.

215.    As such, the Defendants' improper and unauthorized use of the trade name OTO is likely to cause, has caused, and will continue to cause, confusion among actual and/or potential customers of Kipu as to the origin, sponsorship or approval of the Defendants' software.

216.    The Defendants' improper actions are in violation of 15 U.S.C. §1225(a) in that Defendants have used and continue to use, in relation to commercial activities, a false designation of origin, or a false or misleading description that is likely to cause confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of the Defendants with Kipu.

217.    As a result of the foregoing, Kipu has suffered, and will continue to suffer, irreparable harm as a proximate and direct result of the foregoing acts of unfair competition caused by the Defendants.

218. Likewise, Kipu shall suffer additional irreparable harm unless and until Defendants are preliminarily (and later permanently) enjoined by the Court from continuing those acts, which constitute unfair competition.

219. Kipu has no adequate remedy at law.

220. Upon information and belief, the Defendants' acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. 1117.

## COUNT XI
## FLORIDA COMMON LAW UNFAIR COMPETITION
(against all Defendants)

221. Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

222. This Count XI is an action for unfair competition under the laws of the state of Florida.

223. The Defendants' actions regarding the advertising, marketing, offer for sale and sale of EMR software in the drug and alcohol addiction treatment industry constitutes unfair competition and an infringement of Kipu's common law rights in the trade name OTO.

224. Kipu has been damaged by the Defendants' knowing and willful acts of unfair competition, including, but not limited to, the Defendants' adoption and continued use of the mark OTO with regards to selling and offering its competing line of EMR software.

225. These acts of common law unfair competition have caused and, unless enjoined, will continue to cause Kipu irreparable harm.

226. Kipu has no adequate remedy at law.

## COUNT XII
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Florida Statute § 501.204(1)
(against all Defendants)

227.     Kipu re-alleges and incorporates paragraphs one (1) through one hundred eighteen (118) as if fully set forth herein.

228.     This Count XII is a direct claim under Florida Statute Chapter 501 against all Defendants pursuant Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) under Florida Statute §501.204 (1).

229.     Florida Statute §501.204 (1) declares that unfair and/or deceptive acts of practices in conduct of any trade or commerce are unlawful.

230.     The Defendants have engaged in a carefully orchestrated plot of unauthorized access to the Kipu System under false pretenses, resulting in the misappropriation and theft of Kipu's intellectual property.   As such, all of the foregoing are deceptive and unfair trade practices in willful violation of Florida Statute §501.204 (1).

231.     The aforementioned acts of the Defendants have been injurious to the public and have resulted in damages to Kipu, and clearly fall within the ambit of unfair and deceptive acts and practices within the intent and meaning of Florida Statute §501.204 (1).

232.     The aforementioned acts and practices of the Defendants constitute unfair and deceptive trade practices within the intent and meaning of the Federal Trade Commission Act and pursuant to the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission and federal courts.

233.     The Defendants' acts violate the Florida Deceptive and Unfair Trade Practices Act and should be enjoined.

234.     The Defendants knew, or should have known that their acts and practices of hijacking the Kipu System and replication of the OTO Mark within the ZenCharts System were both unfair and deceptive actions.

235.     Accordingly, Kipu is entitled to entry of a permanent injunction enjoining Defendants (and all in privity with Defendants) from engaging in these illicit and clandestine acts, an award of reasonable attorneys fees pursuant to Florida Statutes, and assessment of civil penalties pursuant to Chapter 501 of the Florida Statutes, and any other and further relief the Court deems just and proper for these deceptive acts by the Defendants.

## COUNT XIII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (against Sean Callahan, Dan Callahan, Glaser, and ZenCharts)

236.     Kipu re-alleges and incorporates by reference paragraphs one (1) through one hundred one hundred eighteen (118) as if fully set forth herein.

237.     Kipu and its users have an economic relationship containing a probable future economic benefit.

238.     Sean Callahan, Dan Callahan, Glaser, and ZenCharts knew of the existence of Kipu's relationships with its users and that Kipu would receive future economic benefit from the user's continued employ of the Kipu EMR System for management of EMR.

239.     Sean Callahan, Dan Callahan, Glaser, and ZenCharts intentionally engaged in wrongful acts or conduct designed to interfere with or disrupt the relationships between Kipu and its users.   These acts include these Defendants' use of technology and trade secrets misappropriated from Kipu, which were the foundation for the buildout and programing of the ZenCharts System. The ZenCharts System was then pitched to Kipu's customers and users at prices that significantly undercut Kipu.  Such discounted pricing was made possible because the buildout of ZenCharts System was completed with the benefit of the millions of dollars of Kipu's

research and development, and thousands of hours to time devoted to creating the misappropriated technology and trade secrets.

240.   Sean Callahan, Dan Callahan, Glaser, and ZenCharts also employed Kipu's OTO mark in the ZenCharts System to appear to be Kipu-like or associated with Kipu such that Kipu users would be further enticed to break off their economic relationship with Kipu and switch to the ZenCharts System.

241.   Sean Callahan, Dan Callahan, Glaser, and ZenCharts' aforementioned interference with Kipu's economically advantageous user relationships was unjustified.

242.   As a direct and proximate result of Sean Callahan, Dan Callahan, Glaser and ZenCharts' actions to associate ZenCharts with Kipu and solicit Kipu's users, Kipu's relationship with those users was disrupted.

243.   Kipu was damaged as a result of Sean Callahan, Dan Callahan, Glaser and ZenCharts' acts which caused Kipu to lose a significant number of users and potential users.

## PRAYER FOR COSTS AND ATTORNEY FEES

Plaintiff KIPU SYSTEMS LLC requests an award of reasonable costs and attorney fees pursuant to 18 U.S.C. § 1836(b)(3)(D); 15 U.S.C. § 1117(a)-(d); Fla. Stat. § 501.2105(1)-(3); Fla. Stat. 668.804(2) as well as any other applicable basis for costs and attorneys based upon the claims brought herein.

## REQUEST FOR JURY TRIAL

Plaintiff KIPU SYSTEMS LLC requests a jury trial of all matters so triable as a matter of right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff KIPU SYSTEMS LLC respectfully prays that this Honorable Court enter such Orders and Judgments as are necessary to grant Plaintiff KIPU SYSTEMS LLC the following relief:

(a)    Judgment against Solutions Recovery for Florida Common Law Breach of the 2013 Licensing Agreement and associated damages and for such other further relief based upon the aforementioned breach as this Honorable Court may deem just under the circumstances.

(b)    Judgment against Defendants for Florida Common Law Breach of the Kipu TOS (including but not limited to the January 2014 version), including any and all applicable damages;

(c)    Judgment against Glaser, Sean Callahan, Dan Callahan, Houlihan, Karkalichev, Seamus Callahan and Aladzhov for conspiracy to commit the foregoing acts of trade secret theft including any and all applicable damages caused by such conspiracy;

(d)    Judgment against Defendants for violations of Florida's Computer Abuse and Recovery Act (Fla. Stat. § 668.801 *et al*), including any and all applicable damages including but not limited to actual damages, lost profits, economic damages, violator's profits, recovery for harm and loss due to: improvement of the integrity, access of availability of the underlying Kipu EMR System, the cost of conducting a damage assessment, costs of remediation, consequential damages and/or damages for interruption of service;

(e)    Judgment against Defendants for Conversion of Kipu's confidential and proprietary information, including any and all applicable damages;

(f)    Judgment against Defendants for Trespass to Chattels against Kipu's property, including any and all applicable damages;

(g)     Judgment against Defendants for Counterfeiting a registered trademark under 15 U.S.C. § 1116(d)(1), including any and all applicable damages;

(h)     Judgment against Defendants for willful infringement of a registered trademark under 15 U.S.C. § 1114(1), including a disgorgement of profits and other applicable damages;

(i)     Judgment against Defendants for Federal Unfair Competition under 15 U.S.C. § 1125, including any and all applicable damages;

(j)     Judgment against Defendants for Florida Common Law Unfair Competition, including any and all applicable damages;

(k)     Judgment against Defendants for violations of the Florida Deceptive and Unfair Trade Practices Act under Fla. Stat. § 501.201;

(l)     Judgment against ZenCharts, Sean Callahan, Dan Callahan, and Glaser, (i) awarding Kipu its damages and lost profits in an amount to be determined at trial due to the aforementioned tortious interference; and (ii) enjoining ZenCharts, Sean Callahan, Dan Callahan, and Glaser from continuing to interfere with Kipu's business relationships;

(m)     Judgment against Defendants and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined under 18 U.S.C. §1836(b)(3)(A) regarding and relating to the access, review, maintenance and/or use of Plaintiff's confidential and proprietary information. Such preliminary and then later permanent injunction should be sufficient in scope and effect so as to prevent any actual or threatened misappropriation, as identified above, on such terms as this Court deems reasonable to prevent Defendants from entering into relationships that may risk such misappropriation and should include conditions placed on any future employment so not to risk threatened misappropriation. Such scope should include an order demanding the wiping and/or forensic removal of any and all sensitive information obtained by Defendants from the Kipu EMR System

and/or trade secrets (as previously defined), or related files, materials, forms, or related business documents from Plaintiff;

(n)     Plaintiffs be awarded all other monetary remedies available under both 18 U.S.C. § 1836(b)(3)(C) as well as the common law, including but not limited to, penalties and fines, compensatory damages, exemplary damages, disgorgement of profits, interest, costs and attorney's fees as legally permitted by each count respectively;

(o)     Defendants and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined under Florida Statute §668.804(c)&(d) to prevent future unauthorized login-ins and/or improper access to the Kipu EMR System and to recover the underlying misappropriate information, program or code as well as all copies thereof from Defendants;

(p)     Defendants and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined from infringing Kipu's rights in the OTO Mark, including Defendants' use of the OTO Mark in the ZenCharts System or any colorable imitations thereof;

(q)     An order requiring Defendants to rebuild their EMR system in a clean room environment by providing a specification sheet to new software developers who will not have the benefit of any knowledge regarding the Kipu EMR System or the ZenCharts System; and

(r)     Compensatory and other damages allowed by law.

DATED this 31st day of December, 2017.

Respectfully submitted,

**EHRENSTEIN CHARBONNEAU CALDERIN**
*Counsel for Plaintiff, Kipu Systems, LLC*
501 Brickell Key Drive, Suite 300
Miami, Florida  33131
T. 305.722.2002        F. 305.722.2001
www.ecclegal.com

By:        */s/ Christopher Spuches*
           Christopher B. Spuches
           Florida Bar No. 42456
           e-mail: cbs@ecclegal.com
           Jake Greenberg
           Florida Bar No. 91118
           e-mail: jmg@ecclegal.com

**ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.**
*Counsel for Plaintiff Kipu Systems LLC*
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone:      (305) 374-8303
Facsimile:      (305) 374-8306

           */s/ Robert H. Thornburg*
           Robert Thornburg
           Florida Bar No. 630829
           e-mail: rthornburg@allendyer.com
           Joshua B. Spector
           Florida Bar No. 584142
           e-mail: jspector@allendyer.com
           Cameron C. Murphy
           Florida Bar No. 125086
           e-mail: cmurphy@allendyer.com

# Exhibit "A"

**Generated on:** This page was generated by TSDR on 2017-12-28 21:08:26 EST

**Mark:** OTO

# OTO

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87044446 | **Application Filing Date:** | May 20, 2016 |
| **US Registration Number:** | 5127508 | **Registration Date:** | Jan. 24, 2017 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Jan. 24, 2017 | | |
| **Publication Date:** | Nov. 08, 2016 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | OTO |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides |
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jan. 16, 2012 | **Use in Commerce:** | Jan. 16, 2012 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Kipu Systems, LLC |
| **Owner Address:** | 444 Brickell Ave. Ste. 850<br>Miami, FLORIDA 33131 |

|  | UNITED STATES |  |  |
|---|---|---|---|
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | FLORIDA |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | Brian Bell |
| **Attorney Primary Email Address:** | bell@kipusystems.com |
| **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | BRIAN BELL<br>444 BRICKELL AVE. STE. 850<br>MIAMI, FLORIDA 33131<br>UNITED STATES |
| **Phone:** | 5613495918 |
| **Correspondent e-mail:** | bell@kipusystems.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 24, 2017 | REGISTERED-PRINCIPAL REGISTER | |
| Nov. 08, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Nov. 08, 2016 | PUBLISHED FOR OPPOSITION | |
| Oct. 19, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Sep. 23, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Sep. 13, 2016 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Sep. 13, 2016 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Sep. 13, 2016 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Sep. 13, 2016 | EXAMINERS AMENDMENT -WRITTEN | 68365 |
| Sep. 06, 2016 | ASSIGNED TO EXAMINER | 68365 |
| May 26, 2016 | NOTICE OF PSEUDO MARK E-MAILED | |
| May 25, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| May 24, 2016 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Jan. 24, 2017 |



**ANGELO & BANTA, P.A.**
ATTORNEYS AT LAW

Sabrina Ramsundar, Legal Assistant
Email: sr@angelolaw.com

December 4, 2017

**VIA FEDERAL EXPRESS**
U.S. Patent and Trademark Office
Recordation Division
600 Dulany Street, Room B-50
Madison East, Concourse Level
Alexandra, VA 22314

> RE:   *CITY NATIONAL BANK OF FLORIDA ("Lender") $7,000,000.00 Term Loan (the "Loan") to KIPU SYSTEMS, LLC, a Florida limited liability company ("Borrower")*
> *Our File No. 280597-00288*

Recordation Division:

Please find enclosed for recording and *original* Trademark Security Agreement which consists of eighteen (18) Trademarks. Also, enclosed is our check no. 10166 in the amount of four-hundred sixty-five dollars xx/100 for recordation fee.

Please return a recorded version to us in the enclosed Federal Express Envelope.

Should you have any questions regarding the enclosed, please do not hesitate to contact me.

Sincerely,

SABRINA RAMSUNDAR
*Enclosures*

12-05-2017
U.S. Patent & TMOfc/TM Mail Rcpt Dt #34

SunTrust Center • 515 East Las Olas Boulevard, Suite 850 • Fort Lauderdale, Florida 33301
Telephone: 954/766-9930 • Facsimile: 954/766-9937 • www.angelolaw.com

Form **PTO-1594** (Rev. 6-12)
OMB Collection 0651-0027 (exp. 04/30/2018)

U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

RECORDATION FORM COVER SHEET
# TRADEMARKS ONLY

To the Director of the U. S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

**1. Name of conveying party(ies):**

☐ Individual(s)      ☐ Association
☐ Partnership       ☐ Limited Partnership
☐ Corporation- State:_____
☒ Other Limited Liability Company

Citizenship (see guidelines) Florida

Additional names of conveying parties attached?  ☐ Yes  ☒ No

**2. Name and address of receiving party(ies):**   ☐ Yes  ☒ No

Additional names, addresses, or citizenship attached?

Name: CITY NATIONAL BANK OF FLORIDA

Street Address: 25 WEST FLAGLER STREET

City:  MIAMI

State:  FLORIDA

Country: USA                      Zip: 33130

☐ Individual(s)  Citizenship _____
☐ Association   Citizenship _____
☐ Partnership   Citizenship _____
☐ Limited Partnership   Citizenship _____
☐ Corporation   Citizenship _____
☒ Other_____ Citizenship FLORIDA

If assignee is not domiciled in the United States, a domestic
representative designation is attached:  ☐ Yes  ☐ No
(Designations must be a separate document from assignment)

**3. Nature of conveyance/Execution Date(s) :**

Execution Date(s) NOVEMBER 30, 2017

☐ Assignment        ☐ Merger
☒ Security Agreement  ☐ Change of Name
☐ Other_____

**4. Application number(s) or registration number(s) and identification or description of the Trademark.**

A. Trademark Application No.(s)          Text
See attached Schedule 1

B. Trademark Registration No.(s)

Additional sheet(s) attached?  ☒ Yes  ☐ No

C. Identification or Description of Trademark(s) (and Filing Date if Application or Registration Number is unknown):
See attached Schedule 1

**5. Name & address of party to whom correspondence concerning document should be mailed:**
Name: Angelo & Banta, P.A., Attn: Sabrina Ramsundar

Internal Address:_____

Street Address: 515 E. Las Olas Boulevard, Suite 850

City: Fort Lauderdale
State: Florida          Zip: 33301
Phone Number: 954-766-9930
Docket Number: n/a
Email Address: sr@angelolaw.com

**6. Total number of applications and registrations involved:**    18

**7. Total fee** (37 CFR 2.6(b)(6) & 3.41)    $ 465.00

☐ Authorized to be charged to deposit account
☒ Enclosed

**8. Payment Information:**

Deposit Account Number N/A
Authorized User Name N/A

**9. Signature:** _Sabrina Ramsu____    12|4|17
             Signature              Date

SABRINA RAMSUNDAR, Legal Assistant
         Name of Person Signing

Total number of pages including cover
sheet, attachments, and document:

Documents to be recorded (including cover sheet) should be faxed to (571) 273-0140, or mailed to:
Mail Stop Assignment Recordation Branch, Director of the USPTO, P.O. Box 1450, Alexandria, VA 22313-1450



## Guidelines for Completing Trademarks Cover Sheets (PTO-1594)

Cover sheet information must be submitted with each document to be recorded. If the document to be recorded concerns both patents and trademarks, separate patent and trademark cover sheets, including any attached pages for continuing information, must accompany the document. All pages of the cover sheet should be numbered consecutively for example, if both a patent and trademark cover sheet is used, and information is continued on one additional page for both patents and trademarks, the pages of the cover sheet would be numbered from 1 to 4.

**Item 1. Name of Conveying Party(ies).**

Enter the full name of the party(ies) conveying the interest.  If there is more than one conveying party, enter a check mark in the "Yes" box to indicate that additional information is attached. The name of the second and any subsequent conveying party(ies) should be placed on an attached page clearly identified as a continuation of the information in Item 1. Enter a check mark in the "No" box, if no information is contained on an attached page.

**Item 2. Name, Address, Legal Entity Type, and Citizenship of Assignee.**

Enter the name and complete address of the first party receiving the interest.  If there is more than one receiving party,check the "Yes" box to indicate that additional information is attached and write the wording "See additional sheet" on the citizenship line.  On a separate sheet, provide all of the necessary information about the other receiving parties, as explained below.  If the receiving party is an individual, check the "individual" box and enter the citizenship of the receiving individual.  If the receiving party is a legal entity, i.e., corporation, association, limited partnership, etc., designate the legal entity and citizenship of the receiving party by checking the appropriate box and filling in the citizenship information.  If a box is not provided for the legal entity, check the "Other" box and write the nature of the legal entity, e.g., limited liability company, trust, estate, etc., and its citizenship.  Information about the entity type and citizenship is mandatory.

The citizenship of a legal entity is as follows:  for a *corporation*, it is the U.S. state (or foreign country) of incorporation; for an *association*, it is the U.S. state (or foreign country) under which it is organized; for a *partnership* or *joint venture*, it is the U.S. state (or foreign country) under which it is organized, etc.  In addition, for a *domestic* partnership or *domestic* joint venture, the cover sheet must include the names, legal entities, and national citizenship (or the state or country of organization) of *all* general partners or active members that compose the domestic partnership or domestic joint venture.  For a *trust* or *estate*, the same information should be provided.  If additional space is needed, check the "Yes" box to indicate that additional information is attached, and write the wording "See additional sheet" next to the appropriate entity designation, and provide the required information on the additional sheet.

If the receiving party is not domiciled in the United States, a designation of domestic representative is encouraged.  Check the appropriate box to indicate whether or not a designation of domestic representative is attached. Check the "No" box if no information is attached.

**Item 3. Nature of Conveyance/Execution Date(s).**

Enter the execution date(s) of the document.  It is preferable to use the name of the month, or an abbreviation of that name, to minimize confusion over dates.  In addition, place a check mark in the appropriate box describing the nature of the conveying document. If the "Other" box is checked, specify the nature of the conveyance.  The "Other" box should be checked if the conveying/receiving party is correcting a previously filed document.

**Item 4. Application Number(s) or Registration Number(s).**

Indicate the application number(s) including series code and serial number, and/or registration number(s) against which the document is to be recorded.  The identification of the trademark should be provided for all properties to avoid recordation against the wrong property.  A filing date should be provided only when the application or registration number is unknown.  Enter a check mark in the appropriate box: "Yes" or "No" if additional numbers appear on attached pages. Be sure to identify numbers included on attached pages as the continuation of Item 4.

**Item 5. Name and Address of Party to whom correspondence concerning document should be mailed.**

Enter the name and full address of the party to whom correspondence is to be mailed.

**Item 6. Total Applications and Trademarks Involved.**

Enter the total number of applications and trademarks identified for recordation. Be sure to include all applications and registrations identified on the cover sheet and on additional pages.

**Item 7. Total Fee Enclosed.**

Enter the total fee enclosed or authorized to be charged. A fee is required for each application and registration against which the document is recorded.

**Item 8. Payment Information.**

Enter  the deposit account number and authorized user name to authorize charges.

**Item 9. Signature.**

Enter the name of the person submitting the document. The submitter must sign and date the cover sheet.  Enter the total number of pages including the cover sheet, attachments, and document.

This collection of information is required by 35 USC 261 and 262 and 15 USC 1057 and 1060. The information is used by the public to submit (and by the USPTO to process) patent and trademark assignment requests. After the USPTO records the information, the records for patent and trademarks, assignments, and other associated documents can be inspected by the public. To view documents recorded under secrecy orders or documents recorded due to the interest of the federal government, a written authorization must be submitted. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the form to the USPTO. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Manager of the Assignment Recordation Branch, Randolph Square, Room 3D01, 2800 South Randolph Street, Arlington, VA 22206. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop Assignment Recordation Branch, Director of the USPTO, P.O. Box 1450, Alexandria, VA 22313-1450.

## TRADEMARK SECURITY AGREEMENT

THIS TRADEMARK SECURITY AGREEMENT (this "Agreement"), dated as of November 30, 2017 by KIPU SYSTEMS LLC, a Florida limited liability company (the "Grantor"), in favor of CITY NATIONAL BANK OF FLORIDA (the "Lender").

### RECITALS

A.      The Grantor has entered into that certain Loan Agreement dated as of even date herewith (as may be amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement") with the Lender, pursuant to which the Lender has agreed to make a loan to Grantor.

B.      In connection therewith Grantor and Lender are entering into this Agreement to secure the payment of all amounts owing by the Grantor under the Loan Agreement.

In consideration of the mutual agreements set forth herein and in the Loan Agreement, the Grantor does hereby grant to the Lender, a continuing security interest in all of Grantor's right, title and interest in, to and under the following, whether presently existing or hereafter created or acquired:

(1)      each trademark and trademark application, including, without limitation, each trademark and trademark application referred to in Schedule 1 attached hereto, together with any reissues, continuations or extensions thereof and all goodwill associated therewith;

(2)      each trademark license, including, without limitation, each trademark license listed on Schedule 1 attached hereto, together with all goodwill associated therewith;

(3)      all products and proceeds of the foregoing, including, without limitation, any claim by the Grantor against third parties for past, present or future infringement of any trademark, including, without limitation, any trademark referred to in Schedule 1 attached hereto, any trademark issued pursuant to a trademark application referred to in Schedule 1 and any trademark licensed under any trademark license listed on Schedule 1 attached hereto (items 1 through 3 being herein collectively referred to as the "Trademark Collateral");

The Grantor hereby acknowledges and affirms that the rights and remedies of the Lender with respect to the security interest in the Trademark Collateral made and granted hereby are more fully set forth in the Loan Agreement, the terms and provisions of which are incorporated by reference herein as if fully set forth herein.  Capitalized terms used but not defined herein have the respective meanings ascribed thereto in the Loan Agreement.

[signature page follows]

The Grantor has caused this Trademark Security Agreement to be duly executed by its duly authorized officer thereunto as of the date first set forth above.

GRANTOR:

KIPU SYSTEMS LLC, a Florida limited liability company

By: _____

Jeffrey Fiorentino, Chief Executive Officer

STATE OF FLORIDA      )
                       )SS:
COUNTY OF Miami Dade  )

The foregoing instrument was acknowledged before me this 30th day of November, 2017, by Jeffrey Fiorentino, as Chief Executive Officer of KIPU SYSTEMS LLC, a Florida limited liability company, on behalf of and as an act of the company, who is personally known to me or has produced a _____ as identification, and took an oath.

_____
NOTARY PUBLIC
Print Name: Mercedes P. Net
My Commission Expires: 6/4/19

MERCEDES P. NET
Notary Public - State of Florida
Commission # FF 237357
My Comm. Expires Jun 4, 2019
Bonded through National Notary Assn.

SCHEDULE 1
to
TRADEMARK SECURITY AGREEMENT

| Mark | Type | Serial Number | Registration Number | Date of Filing | Date of Registration |
|---|---|---|---|---|---|
| Kipu | Trademark | 85835534 | 4442687 | January 29, 2013 | December 3, 2013 |
| Kipu LabScan | Trademark | 86677404 | 4895375 | June 29, 2015 | February 2, 2016 |
| OTO | Service Mark | 87044446 | 5127508 | May 20, 2016 | January 24, 2017 |
| KIPUpedia | Service Mark | 87044947 | 5162897 | May 20, 2016 | March 14, 2017 |
| Golden Thread | Service Mark | 87363815 | Pending | March 8, 2017 | Pending |
|  100% CERTIFIED GOLD CERTIFIED BILLER KIPU | Service Mark | 87357684 | 5315583 | March 3, 2017 | October 24, 2017 |
| RECOVERYBOUND | Service Mark | 87415309 | Pending | April 18, 2017 | Pending |
| LeeRCM | Service Mark | 87216859 | 5217594 | October 26, 2016 | June 6, 2017 |
| pingMD | Service Mark | 85190778 | 4040919 | December 4, 2010 | October 18, 2011 |
| INRECOVERY | Trademark Service Mark | 87415339 | Pending | April 18, 2017 | Pending |
| MOFFICE | Service Mark | 77911132 | 3901890 | January 13, 2010 | January 4, 2011 |
| MVISIT | Service Mark | 77911093 | 3901889 | January 13, 2010 | January 4, 2011 |

| | | | | | |
|---|---|---|---|---|---|
| DAUPHIN | Service Mark | 77842294 | 3901682 | October 6, 2009 | January 4, 2011 |
| MCONSULT | Service Mark | 77911148 | 3901891 | January 13, 2010 | January 4, 2011 |
| HEALTH ALBUM | Service Mark | 85137239 | 4003902 | September 24, 2010 | July 26, 2011 |
|  | Service Mark | 77911081 | 3901888 | January 13, 2010 | January 4, 2011 |
| TreatmentEMR | Trademark | 86784735 | Abandoned | October 12, 2015 | Abandoned |
| CHOPRAJ | Service Mark | 77840475 | 3881276 | October 2, 2009 | November 23, 2010 |

# United States of America

## United States Patent and Trademark Office

# OTO

**Reg. No. 5,127,508**

**Registered Jan. 24, 2017**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Kipu Systems, LLC (FLORIDA LIMITED LIABILITY COMPANY)
444 Brickell Ave. Ste. 850
Miami, FL 33131

CLASS 42: Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides

FIRST USE 1-16-2012; IN COMMERCE 1-16-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-044,446, FILED 05-20-2016
CHRISTINA B KING, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See ·15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

*ATTENTION MADRID PROTOCOL REGISTRANTS: The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.**

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.**

| From: | TMOfficialNotices@USPTO.GOV |
|---|---|
| Sent: | Tuesday, November 8, 2016 00:46 AM |
| To: | bell@kipusystems.com |
| Subject: | Official USPTO Notice of Publication Confirmation: U.S. Trademark SN 87044446: OTO |

## *TRADEMARK OFFICIAL GAZETTE* PUBLICATION CONFIRMATION

**U.S. Serial Number:** 87044446
**Mark:** OTO
**International Class(es):** 042
**Owner:** Kipu Systems, LLC
**Docket/Reference Number:**

The mark identified above has been published in the Trademark Official Gazette (TMOG) on Nov 08, 2016.

**To Review the Mark in the TMOG:**

Click on the following link or paste the URL into an internet browser: https://tmog.uspto.gov/#issueDate=2016-11-08&serialNumber=87044446

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the TMOG for accuracy. If any information is incorrect due to USPTO error, the applicant should immediately email the requested correction to TMPostPubQuery@uspto.gov. For applicant corrections or amendments after publication, please file a post publication amendment using the form available at http://teasroa.uspto.gov/ppa/. For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**Significance of Publication for Opposition:**

* Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board. If no party files an opposition or extension request within thirty (30) days after the publication date, then eleven (11) weeks after the publication date a certificate of registration should issue.

To check the status of the application, go to http://tsdr.uspto.gov/#caseNumber=87044446&caseType=SERIAL_NO&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199. Please check the status of the application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to http://tsdr.uspto.gov/#caseNumber=87044446&caseType=SERIAL_NO&searchType=documentSearch. NOTE: This notice will only become available on-line the next business day after receipt of this e-mail.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

Oct 19, 2016

# NOTICE OF PUBLICATION

1.  Serial No.:
    87-044,446

2.  Mark:
    OTO
    (STANDARD CHARACTER MARK)

3.  International Class(es):
    42

4.  Publication Date:
    Nov 8, 2016

5.  Applicant:
    Kipu Systems, LLC

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the *Official Gazette* on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a certificate of registration.

Copies of the trademark portion of the *Official Gazette* containing the publication of the mark may be obtained from:

    The Superintendent of Documents
    U.S. Government Printing Office
    PO Box 371954
    Pittsburgh, PA 15250-7954
    Phone: 202-512-1800

By direction of the Commissioner.

**Email Address(es):**

bell@kipusystems.com

| **From:** | TMOfficialNotices@USPTO.GOV |
|---|---|
| **Sent:** | Wednesday, October 19, 2016 04:06 AM |
| **To:** | bell@kipusystems.com |
| **Subject:** | Official USPTO Notification of Notice of Publication: U.S. Trademark SN 87044446: OTO |

## NOTIFICATION OF "NOTICE OF PUBLICATION"

Your trademark application (Serial No. 87044446) is scheduled to publish in the *Official Gazette* on Nov 8, 2016 . To preview the Notice of Publication, go to http://tdr.uspto.gov/search.action?sn=87044446. If you have difficulty accessing the Notice of Publication, contact TDR@uspto.gov.

**PLEASE NOTE:**
1. The Notice of Publication may not be immediately available but will be viewable within 24 hours of this e-mail notification.
2. You will receive a second e-mail on the actual "Publication Date," which will include a link to the issue of the *Official Gazette* in which the mark has published.

Do NOT hit "Reply" to this e-mail notification. If you have any questions about the content of the Notice of Publication, contact TMPostPubQuery@uspto.gov.

### Trademark Snap Shot Publication Stylesheet
(Table presents the data on Publication Approval)

#### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87044446 | FILING DATE | 05/20/2016 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | SERVICE MARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | KING, CHRISTINA B | L.O. ASSIGNED | 109 |

#### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 09/24/2016 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATON |
| STATUS DATE | 09/23/2016 |
| LITERAL MARK ELEMENT | OTO |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

#### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

#### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | OTO |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

#### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Kipu Systems, LLC |
| ADDRESS | 444 Brickell Ave. Ste. 850<br>Miami, FL 33131 |
| ENTITY | 16-LTD LIAB CO |

| CITIZENSHIP | Florida |
| --- | --- |

### GOODS AND SERVICES

| INTERNATIONAL CLASS | 042 |
| --- | --- |
| DESCRIPTION TEXT | Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides |

### GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 042 | FIRST USE DATE | 01/16/2012 | FIRST USE IN COMMERCE DATE | 01/16/2012 | CLASS STATUS | 6-ACTIVE |
| --- | --- | --- | --- | --- | --- | --- | --- |

### MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
| --- | --- |
| PSEUDO MARK | ONE TIME ONLY |

### PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
| --- | --- | --- | --- | --- |
| 09/23/2016 | CNSA | O | APPROVED FOR PUB - PRINCIPAL REGISTER | 009 |
| 09/13/2016 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 008 |
| 09/13/2016 | GNEN | O | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 007 |
| 09/13/2016 | GNEA | F | EXAMINERS AMENDMENT E-MAILED | 006 |
| 09/13/2016 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 005 |
| 09/06/2016 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 05/26/2016 | MPMK | E | NOTICE OF PSEUDO MARK E-MAILED | 003 |
| 05/25/2016 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 05/24/2016 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

### CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Brian Bell |
| --- | --- |
| CORRESPONDENCE ADDRESS | BRIAN BELL<br>444 BRICKELL AVE. STE. 850<br>MIAMI, FL 33131 |
| DOMESTIC REPRESENTATIVE | NONE |

# OTO

## Trademark Snap Shot Amendment & Mail Processing Stylesheet
(Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87044446 | FILING DATE | 05/20/2016 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | SERVICE MARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | KING, CHRISTINA B | L.O. ASSIGNED | 109 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 09/14/2016 |
| PUB DATE | N/A |
| STATUS | 647-EXAMINERS AMENDMENT - MAILED |
| STATUS DATE | 09/13/2016 |
| LITERAL MARK ELEMENT | OTO |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | OTO |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Kipu Systems, LLC |
| ADDRESS | 444 Brickell Ave. Ste. 850<br>Miami, FL 33131 |
| ENTITY | 16-LTD LIAB CO |

| CITIZENSHIP | Florida |
|---|---|

### GOODS AND SERVICES

| INTERNATIONAL CLASS | 042 |
|---|---|
| DESCRIPTION TEXT | Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides |

### GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 042 | FIRST USE DATE | 01/16/2012 | FIRST USE IN COMMERCE DATE | 01/16/2012 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

### MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| PSEUDO MARK | ONE TIME ONLY |

### PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 09/13/2016 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 008 |
| 09/13/2016 | GNEN | O | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 007 |
| 09/13/2016 | GNEA | F | EXAMINERS AMENDMENT E-MAILED | 006 |
| 09/13/2016 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 005 |
| 09/06/2016 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 05/26/2016 | MPMK | E | NOTICE OF PSEUDO MARK E-MAILED | 003 |
| 05/25/2016 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 05/24/2016 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

### CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Brian Bell |
|---|---|
| CORRESPONDENCE ADDRESS | BRIAN BELL<br>444 BRICKELL AVE, STE, 850<br>MIAMI, FL 33131 |
| DOMESTIC REPRESENTATIVE | NONE |

# OTO

# NOTE TO THE FILE

SERIAL NUMBER:       87044446

DATE:                09/13/2016

NAME:                cking2

NOTE:

**Searched:**
___ Google
___ Lexis/Nexis
___ OneLook
___ Wikipedia
___ Acronym Finder
___ Other:

**Discussed ID with:**
___ Senior Atty
___ Managing Atty

___ Protest evidence reviewed

**Checked:**
___ Geographic significance
___ Surname
___ Translation
___ ID with ID/CLASS mailbox

**Discussed Geo. Sig. with:**
___ Senior Atty
___ Managing Atty

___ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney/Applicant via:**
___ phone
___ email

___ Left message with
    Attorney/Applicant

___ Requested Law Library search
    for:

_X_ Issued Examiner's Amendment
    and entered changes in TRADEUPS

___ **PRINT**     **DO NOT PRINT**
___ Description of the mark
___ Translation statement

___ Added design code in TRADEUPS

___ Re-imaged standard character
    drawing

___ Negative translation statement
___ Consent of living individual

___ Contacted TM MADRID ID/CLASS
    about misclassified definite ID

___ Changed TRADEUPS to:

___ OTHER:

| To: | Kipu Systems, LLC (bell@kipusystems.com) |
| --- | --- |
| Subject: | U.S. TRADEMARK APPLICATION NO. 87044446 - OTO - N/A |
| Sent: | 9/13/2016 5:37:54 PM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 87044446

**MARK:** OTO

**CORRESPONDENT ADDRESS:**
  BRIAN BELL
  444 BRICKELL AVE. STE. 850
  MIAMI, FL 33131

**APPLICANT:** Kipu Systems, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
  N/A
**CORRESPONDENT E-MAIL ADDRESS:**
  bell@kipusystems.com

# *87044446*

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

VIEW YOUR APPLICATION FILE

## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE: 9/13/2016**

**DATABASE SEARCH:** The trademark examining attorney has searched the USPTO's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; see 15 U.S.C. §1052(d).

**APPLICATION HAS BEEN AMENDED:** In accordance with the authorization granted by Brian Bell on September 13, 2016, the trademark examining attorney has amended the application as indicated below. Please advise the undersigned immediately of any objections. Otherwise, no response is necessary. TMEP §707. Any amendments to the identification of goods and/or services may clarify or limit the goods and/or services, but may not add to or broaden the scope of the goods and/or services. 37 C.F.R. §2.71(a); see TMEP §§1402.06 et seq.

RECITATION OF SERVICES

The identification of services is amended to read as follows:

Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides.

See TMEP §§1402.01, 1402.01(e).

/Chrisie Brightmire King/
Trademark Attorney
Law Office 109
(571) 272-9179
chrisie.king@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

| To: | Kipu Systems, LLC (bell@kipusystems.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 87044446 - OTO - N/A |
| Sent: | 9/13/2016 5:37:56 PM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

### <u>IMPORTANT NOTICE REGARDING YOUR</u>
### <u>U.S. TRADEMARK APPLICATION</u>

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **9/13/2016** FOR U.S. APPLICATION SERIAL NO. 87044446

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

### <u>WARNING</u>

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# NOTE TO THE FILE

SERIAL NUMBER:      87044446

DATE:               09/13/2016

NAME:               cking2

NOTE:

**Searched:**
  X  Google
  X  Lexis/Nexis
  X  OneLook
  ___  Wikipedia
  X  Acronym Finder
  ___  Other:

**Discussed ID with:**
___   Senior Atty
___   Managing Atty

___   Protest evidence reviewed

**Checked:**
___   Geographic significance
___   Surname
___   Translation
___   ID with ID/CLASS mailbox

**Discussed Geo. Sig. with:**
___   Senior Atty
___   Managing Atty

___ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney/Applicant via:**
___   phone
___   email

___   Left message with
      Attorney/Applicant

___   Requested Law Library search
      for:

___   Issued Examiner's Amendment
      and entered changes in TRADEUPS

___   **PRINT**      **DO NOT PRINT**
___ Description of the mark
___ Translation statement

___   Added design code in TRADEUPS

___   Re-imaged standard character
      drawing

___   Negative translation statement
___   Consent of living individual

___   Contacted TM MADRID ID/CLASS
      about misclassified definite ID

___   Changed TRADEUPS to:

___   OTHER:

*** User:cking2 ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 83 | 0 | 83 | 78 | 0:02 | ("oto" or "o t o" or "ot o" or "o to")[bi,ti] and live[ld] |
| 02 | 9511 | N/A | 0 | 0 | 0:02 | *oto*[bi,ti] and live[ld] |
| 03 | 161 | N/A | 0 | 0 | 0:02 | oto*[bi,ti] and live[ld] |
| 04 | 124 | 0 | 124 | 114 | 0:01 | 3 not 1 |

Session started 9/7/2016 8:45:34 AM
Session finished 9/7/2016 9:08:18 AM
Total search duration 0 minutes 7 seconds
Session duration 22 minutes 44 seconds
Defaut NEAR limit=1 ADJ limit=1

Sent to TICRS as Serial Number: 87044446

| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Thursday, May 26, 2016 00:22 AM |
| **To:** | bell@kipusystems.com |
| **Subject:** | Official USPTO Notice of Pseudo Mark: U.S. Trademark SN: 87044446: OTO |

**Docket/Reference Number:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings. For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'. A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

Response to this notice is not required; however, to suggest additions or changes to the pseudo mark assigned to your mark, please e-mail TMDesignCodeComments@USPTO.GOV. You **must** reference your application serial number within your request. The USPTO will review the proposal and update the record, if appropriate. For questions, please call 1-800-786-9199 to speak to a Customer Service representative.

The USPTO will not send any further response to your e-mail. Check TESS in approximately two weeks to see if the requested changes have been entered. Requests deemed unnecessary or inappropriate will not be entered.

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=87044446. NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

ONE TIME ONLY

# OTO

5/19/2016                                    Kipu Records Release Notes for 3/9/2016

| Subscribe | Share ▾ | Past Issues | | Translate |

Kipu Records: latest updates and features.



# Kipu Records Release Notes for 3/9/2016

In today's release note, KIPU is outlining the latest enhancements and improvements; including updates in Reporting and access information to KIPUpedia!

Contact us at **(561) 349-5911** for further explanation or training.

> The next Super Admin Training in Florida will be held at the Duncan Conference Center in Delray Beach on Tuesday, March 15, 2016. We will be "Focusing on the Top Row."
> Contact us if you would like information on how to attend!

# ENHANCEMENTS/IMPROVEMENTS

## Reports

All Co-pay and Deductible fields are now gathered from the Insurance Verification and show consistently on the Reports.

Billable Reports evaluation date presentation was improved.

The Allow_UR field on the patient face sheet is now available in Reports.

## Contacts

Super admins can now export all Contacts into a CSV file.  To export: Click the Export button in the upper right of the Contacts tab.

## Vital Signs History

In the history view, the vital signs will appear in the same order you have as when enter vital signs.

### KIPUpedia

Look for the HELP button in the upper right with the next update. There you will find new tips and training tools.

# DID YOU KNOW?

## Restore Functionality

A Super Admin can retrieve deleted patients, forms, and templates under Settings/Restore. However, did you know that deleting documents takes time? This is why Super Admins need to be very careful when trying to restore an item that has just been deleted. One should reserve a few hours after a deletion has occurred before trying to restore it, in order to avoid a restoration that is not complete.

## Signature Pads - Scriptel

Sciptel Pads are now supported on Mac and PC's. They're supported in Chrome, Firefox, Internet Explorer, and Safari. You can find more information on Sciptel here: http://scriptel.com

## What is OTO™?

Working closely with a detox facility to create KIPU®, we created a way to document that a patient, after discharge, may not be welcome back for readmission.  This is the genesis of OTO™ – short for "One Time Only".

This unique identifier, when checked, will cause an "OTO!" to display next to the patient's name in the header of his/her chart.  It does not prevent a patient from being readmitted; rather, it serves as a flag on that individual that extra due diligence may be required before actually doing so.

## March is National Nutrition Month!

Good nutrition is the cornerstone of a happy and healthy lifestyle. It positively affects both mind and body and helps promote longevity.

Every March, the Academy of Nutrition and Dietetics runs an educational campaign that focuses on the importance of making informed food choices, developing sound eating, and physical activity habits.

In Kipu Records, you have some great tools to help manage nutrition and special dietary needs. On the face sheet, you are able to document both food allergies and restrictions. You can select the appropriate nutritional needs from a customizable list of common

5/19/2016                                      Kipu Records Release Notes for 3/9/2016

dietary options as well as free type any additional requirements. This in turn allows you to generate a food memo complete with the client photo for the facility chef.

We also offer a great nutritional screen that can be used to identify clients who require additional health education and treatment. If you do not currently have a copy in your system, please contact your Kipu representative or the Client Services team at 561-349-5911.

For some great ideas on how to integrate nutrition education at your facility this month, please visit: http://www.eatright.org/resources/national-nutrition-month

As always – please feel free to contact us at (561) 349-5911 with your questions and your comments.

All the best,
Tobias

follow on Twitter  |  forward to a friend

Copyright © 2016 Kipu Systems, All rights reserved.

unsubscribe from this list  |  update subscription preferences

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87044446**
**Filing Date: 05/20/2016**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | YES |
| **MARK INFORMATION** | |
| *MARK | OTO |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | OTO |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Kipu Systems, LLC |
| *STREET | 444 Brickell Ave. Ste. 850 |
| *CITY | Miami |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 33131 |
| PHONE | 5613495901 |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| *STATE/COUNTRY WHERE LEGALLY ORGANIZED | Florida |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 042 |
| *IDENTIFICATION | Providing temporary use of a non-downloadable web application for **storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities** |

| | and other healthcare related facilities and instructional user guides. |
|---|---|
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/16/2012 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/16/2012 |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE0-173199229130-20160520100335347004_.OTO.pdf |
| CONVERTED PDF FILE(S) (3 pages) | \\TICRS\EXPORT16\IMAGEOUT16\870\444\87044446\xml1\FTK0003.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT16\870\444\87044446\xml1\FTK0004.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT16\870\444\87044446\xml1\FTK0005.JPG |
| SPECIMEN DESCRIPTION | Promotional newsletter describing the service as an already-existing feature of the software platform. Mark appears in the middle of page 2. |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Brian Bell |
| STREET | 444 Brickell Ave. Ste. 850 |
| CITY | Miami |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33131 |
| PHONE | 5613495918 |
| EMAIL ADDRESS | bell@kipusystems.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | Brian Bell |
| *STREET | 444 Brickell Ave. Ste. 850 |
| *CITY | Miami |
| *STATE (Required for U.S. addresses) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 33131 |
| PHONE | 5613495918 |

| *EMAIL ADDRESS | bell@kipusystems.com |
|---|---|
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Brian D. Bell/ |
| * SIGNATORY'S NAME | Brian D. Bell |
| * SIGNATORY'S POSITION | Corporate Counsel, Attorney of Record, Florida bar member |
| SIGNATORY'S PHONE NUMBER | 5613495918 |
| * DATE SIGNED | 05/20/2016 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 87044446**
**Filing Date: 05/20/2016**

## To the Commissioner for Trademarks:

**MARK:** OTO (Standard Characters, see mark)
The literal element of the mark consists of OTO.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Kipu Systems, LLC, a limited liability company legally organized under the laws of Florida, having an address of
    444 Brickell Ave. Ste. 850
    Miami, Florida 33131
    United States
    5613495901(phone)

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 042:  Providing temporary use of a non-downloadable web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides.

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 042, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 01/16/2012, and first used in commerce at least as early as 01/16/2012, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Promotional newsletter describing the service as an already-existing feature of the software platform. Mark appears in the middle of page 2..

**Original PDF file:**
SPE0-173199229130-20160520100335347004_._OTO.pdf
**Converted PDF file(s)** (3 pages)
Specimen File1
Specimen File2
Specimen File3

The applicant's current Attorney Information:
    Brian Bell    444 Brickell Ave. Ste. 850
    Miami, Florida 33131
    United States
    5613495918(phone)
    bell@kipusystems.com (authorized)

The applicant's current Correspondence Information:
    Brian Bell

444 Brickell Ave. Ste. 850
Miami, Florida 33131
5613495918(phone)
bell@kipusystems.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. § 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant is using the mark in commerce on or in connection with the goods/services in the application; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e), the applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Signature: /Brian D. Bell/   Date Signed: 05/20/2016
Signatory's Name: Brian D. Bell
Signatory's Position: Corporate Counsel, Attorney of Record, Florida bar member

RAM Sale Number: 87044446
RAM Accounting Date: 05/20/2016

Serial Number: 87044446
Internet Transmission Date: Fri May 20 10:34:05 EDT 2016
TEAS Stamp: USPTO/TK-XXX.XXX.XXX.XXX-20160520103405
867896-87044446-550694dbe8ccfb7683750c73
0f39ff5171ffd2948aefddc5358e7d4a16b83c18
e-CC-8278-20160520100335347004

# OTO

5/19/2016                              Kipu Records Release Notes for 3/9/2016

| Subscribe | Share ▾ | Past Issues | | Translate |

Kipu Records: latest updates and features.


KIPU
SYSTEMS

# Kipu Records Release Notes for 3/9/2016

In today's release note, KIPU is outlining the latest enhancements and improvements; including updates in Reporting and access information to KIPUpedia!

Contact us at **(561) 349-5911** for further explanation or training.

> The next Super Admin Training in Florida will be held at the Duncan Conference Center in Delray Beach on Tuesday, March 15, 2016. We will be "Focusing on the Top Row."
> Contact us if you would like information on how to attend!

# ENHANCEMENTS/IMPROVEMENTS

### Reports

All Co-pay and Deductible fields are now gathered from the Insurance Verification and show consistently on the Reports.

Billable Reports evaluation date presentation was improved.

The Allow_UR field on the patient face sheet is now available in Reports.

### Contacts

Super admins can now export all Contacts into a CSV file.  To export: Click the Export button in the upper right of the Contacts tab.

### Vital Signs History

In the history view, the vital signs will appear in the same order you have as when enter vital signs.

## KIPUpedia

Look for the HELP button in the upper right with the next update. There you will find new tips and training tools.

# DID YOU KNOW?

## Restore Functionality

A Super Admin can retrieve deleted patients, forms, and templates under Settings/Restore. However, did you know that deleting documents takes time? This is why Super Admins need to be very careful when trying to restore an item that has just been deleted. One should reserve a few hours after a deletion has occurred before trying to restore it, in order to avoid a restoration that is not complete.

## Signature Pads - Scriptel

Sciptel Pads are now supported on Mac and PC's. They're supported in Chrome, Firefox, Internet Explorer, and Safari. You can find more information on Sciptel here: http://scriptel.com

## What is OTO™?

Working closely with a detox facility to create KIPU®, we created a way to document that a patient, after discharge, may not be welcome back for readmission. This is the genesis of OTO™ – short for "One Time Only".

This unique identifier, when checked, will cause an "OTO!" to display next to the patient's name in the header of his/her chart. It does not prevent a patient from being readmitted; rather, it serves as a flag on that individual that extra due diligence may be required before actually doing so.

## March is National Nutrition Month!

Good nutrition is the cornerstone of a happy and healthy lifestyle. It positively affects both mind and body and helps promote longevity.

Every March, the Academy of Nutrition and Dietetics runs an educational campaign that focuses on the importance of making informed food choices, developing sound eating, and physical activity habits.

In Kipu Records, you have some great tools to help manage nutrition and special dietary needs. On the face sheet, you are able to document both food allergies and restrictions. You can select the appropriate nutritional needs from a customizable list of common

dietary options as well as free type any additional requirements. This in turn allows you to generate a food memo complete with the client photo for the facility chef.

We also offer a great nutritional screen that can be used to identify clients who require additional health education and treatment. If you do not currently have a copy in your system, please contact your Kipu representative or the Client Services team at 561-349-5911.

For some great ideas on how to integrate nutrition education at your facility this month, please visit: http://www.eatright.org/resources/national-nutrition-month

As always – please feel free to contact us at (561) 349-5911 with your questions and your comments.

All the best,
Tobias

follow on Twitter | forward to a friend

Copyright © 2016 Kipu Systems, All rights reserved.

unsubscribe from this list | update subscription preferences

# Exhibit "B"

# KIPU SYSTEMS

Addendum "Cover Sheet, Negotiated Terms"

This Addendum is attached to and made part of the Kipu Records Services Agreement. In the event of any conflict or between this addendum page and the Services Agreement, then the terms in this addendum shall control and take precedence.

1. The Initial Analysis, Workflow Implementation and License fee for Client's (existing) first facility shall be discounted to from
   a. This is payable
      i.
      ii.

2.

3. Client agrees to keep the provisions of this Exhibit C strictly confidential, available only to senior executives of Client. In the event Client breaches this confidentiality agreement,

4. Kipu may list Client as a customer in it's marketing material.



(only Solutions Recovery Center, no personal reference or Auston)

Kipu Initials Below

Client Initials Below



# **KIPU** SYSTEMS

Kipu Records Services Agreement, Per-Person Plan

## 1. Services and Prices

Kipu Systems LLC ("KipuRecords, "we" or "us"), hereby agrees to provide to the client a cloud-based service providing a records system for patients (the "Kipu Records Service" or the "Service"). The Kipu Systems "Terms of Service" ("TOS"), available online at http://kipusystems.com/terms, are part this agreement.

which may be updated by time to time, in which case, the

## 2. Standard Maintenance

. It consists of the following:

- Patient's record are kept for 8 years after they were created (active clients)
- Phone support as needed
- Online support as needed
- 24/7 monitoring of system
- Installation of updates and new features
- Hosting of services and data
- Archive of the annual Patient records on a disc in secured PDF format.
- Up to 10 concurrent users per account (includes display screens counted as a user)

## 3. Implementation Timeframe

The setup of the Service takes 30 to 60 days to complete, pending the complexity of your current workflow and the number of forms. Please make available to us one contact person with whom to discuss all features and requirements during the setup period.

Sean@solutionsrehab.com   Sean
239.738.6320   Callahan

## 4. Technical Requirements

The system supports modern and current web browsers. For normal office use any current PC or MAC computer with an Internet connection will be sufficient to run the Service, including printing of forms.

## 5. Payment Terms

for the previous month, and will be due within seven (7) days of receipt of invoice. In the event payment is not made by the due date, we may discontinue

Kipu Initials Below

Client Initials Below

# KIPU SYSTEMS

## 6. Terms of Service

Our TOS, available online at http://kipusystems.com/terms, are part of this agreement and take precedence over any other agreements. It is agreed that the most current version of the TOS shall apply and that those TOS may be revised by us from time to time, without prior notice.

## 7. Binding Arbitration

The parties agree to resolve any controversy, dispute, or claim arising out of or relating to your purchase of any product or service from Kipu Systems by binding Arbitration administered by the American Arbitration Association, in Dade County Florida. Prevailing party shall be awarded reasonable attorneys' fees.

## 8. Liquidated Damages and Maximum Liability

The parties agree that the maximum amount of liability and damages available to client for any breach, interruption of service, or any other claims by Client against Kipu Systems shall be the amount paid by you in the 6 months preceding the incident to Kipu Systems and in no case may ever exceed the amount paid by client in the 6 months preceding the incident for any reason or claim.

## 9. HIPAA

The HIPAA Business Associate Agreement is attached hereto as "Exhibit B".

## 10. OTHER

Addendum to this agreement attached labeled "Cover Sheet, Negotiated Terms".

Solutions Rehab

Approval (Signature): _____ Date: 10/8/13

Name: Richard Glass _____ Position/Title: CEO

Agreed to and accepted by Kipu Systems LLC
Kipu Systems LLC, 444 Brickell Avenue, Suite 850, Miami, FL 33131

Approval (Signature): _____ Date: _____

Name: _____ Position/Title: _____

Kipu Initials Below        Client Initials Below

# KIPU SYSTEMS

## Exhibit A – Kipu Records – Price List

- Workflow and user setup, form and document creation, up to 10 forms (25 pages)
- Phased implementation for intake, assessments, orders, and discharge
- Two – one half-day training sessions
- All core product updates - including those from your own wish list that are selected!
- Access to Kipu Library of copyrighted forms, which may be modified as needed.

**Account Hosting, Communications and Maintenance Fee**

- , base fee regardless of the number of patients.

**Subscription Fees**

| | Days Stay At Facility | Price Band / Per Patient fee |
|---|---|---|
| Detox (Short Stay) | | |
| Treatment Center or PHP | | |
| Extended Stay or PHP | | |

For Patients in a Non Residential IOP or OP and Residential Halfway Houses the fee is per active client (total census) per month as follows:

| | Monthly Fee Per Active Client |
|---|---|
| 1-10 Active clients | |
| 11-25 Active clients | |
| 26+ Active clients | |

**Additional Services**

PC Based Signature Tablet    Request Quote or go to www.amazon.com and search for Topaz T-S460
Training
Forms and assessments*
Storage beyond 8 years
Additional users
Optional Modules

(Billing Module, Interfaces, Analytics, HR, CRM, Telemarketing, etc)

\* Forms and assessments can be modified and created by the client after a Kipu Records
Configuration Training. Price list subject to change, most recent published price list controls.

Kipu Initials Below                    Client Initials Below



Case 0:18-cv-60839-CMA   Document 5-1   Entered on FLSD Docket 04/18/2018   Page 100 of
162
Case 1:17-cv-24733-XXXX   Document 1-2   Entered on FLSD Docket 12/31/2017   Page 6 of 6

# KIPU SYSTEMS

## Exhibit B – HIPAA Business Associate Agreement

1. Kipu Systems (Kipu) agrees to not use or disclose Protected Health Information other than as permitted or required by the Agreement or as Required By Law.

2. Kipu agrees to use appropriate safeguards to prevent use or disclosure of the Protected Health Information other than as provided for by this Agreement.

3. Kipu agrees to report to Customer any use or disclosure of the Protected Health Information not provided for by this Agreement of which it becomes aware.

4. Kipu agrees to ensure that any agent, including a subcontractor, to whom it provides Protected Health Information received from, or created or received by Kipu on behalf of Customer agrees to the same restrictions and conditions that apply through this Agreement to Kipu with respect to such information.

5. Kipu agrees to provide access, at the request of Customer, to Protected Health Information in a Designated Record Set, to Customer or, as directed by Customer, to an Individual in order to meet the requirements under 45 CFR 164.524.

6. Kipu agrees to make any amendment(s) to Protected Health Information in a Designated Record Set that the Customer directs or agrees to pursuant to 45 CFR 164.526 at the request of Customer or an Individual.

7. Kipu agrees to document such disclosures of Protected Health Information and information related to such disclosures as would be required for Customer to respond to a request by an Individual for an accounting of disclosures of Protected Health Information in accordance with 45 CFR 164.528.

8. Kipu agrees to provide to Customer or an Individual, information collected in accordance with Section this Agreement, to permit Customer to respond to a request by an Individual for an accounting of disclosures of Protected Health Information in accordance with 45 CFR 164.528.

9. Except as otherwise limited in this Agreement, Kipu may use Protected Health Information for the proper management and administration of Kipu or to carry out the legal responsibilities of the Customer.

10. Except as otherwise limited in this Agreement, Kipu may disclose Protected Health Information for the proper management and administration of the Customer, provided that disclosures are Required By Law, or Kipu obtains reasonable assurances from the person to whom the information is disclosed that it will remain confidential and used or further disclosed only as Required By Law or for the purpose for which it was disclosed to the person, and the person notifies the Kipu of any instances of which it is aware in which the confidentiality of the information has been breached.

11. Except as otherwise limited in this Agreement, Kipu may use Protected Health Information to provide Data Aggregation services to Customer as permitted by 45 CFR 164.504(e)(2)(i)(B).

12. Customer shall notify Kipu of any limitation(s) in its notice of privacy practices of Customer in accordance with 45 CFR 164.520, to the extent that such limitation may affect Business Kipu's use or disclosure of Protected Health Information.

13. Customer shall notify Kipu of any changes in, or revocation of, permission by Individual to use or disclose Protected Health Information, to the extent that such changes may affect Kipu's use or disclosure of Protected Health Information.

14. Customer shall notify Kipu of any restriction to the use or disclosure of Protected Health Information that Customer has agreed to in accordance with 45 CFR 164.522, to the extent that such restriction may affect Kipu's use or disclosure of Protected Health Information.

15. Upon termination of this Agreement, for any reason, Kipu shall return or destroy all Protected Health Information received from Customer, or created or received by Kipu on behalf of Customer. This provision shall apply to Protected Health Information that is in the possession of subcontractors or agents of Kipu.

# Exhibit "C"

**Generated on:** This page was generated by TSDR on 2017-12-28 21:08:26 EST

**Mark:** OTO

# OTO

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87044446 | **Application Filing Date:** | May 20, 2016 |
| **US Registration Number:** | 5127508 | **Registration Date:** | Jan. 24, 2017 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Jan. 24, 2017 | | |
| **Publication Date:** | Nov. 08, 2016 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | OTO |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides

| | | | |
|---|---|---|---|
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jan. 16, 2012 | **Use in Commerce:** | Jan. 16, 2012 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Kipu Systems, LLC |
| **Owner Address:** | 444 Brickell Ave. Ste. 850<br>Miami, FLORIDA 33131 |

|  | UNITED STATES |  |  |
|---|---|---|---|
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | FLORIDA |

## Attorney/Correspondence Information

### Attorney of Record

| **Attorney Name:** | Brian Bell |  |  |
|---|---|---|---|
| **Attorney Primary Email Address:** | bell@kipusystems.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| **Correspondent Name/Address:** | BRIAN BELL<br>444 BRICKELL AVE. STE. 850<br>MIAMI, FLORIDA 33131<br>UNITED STATES |  |  |
|---|---|---|---|
| **Phone:** | 5613495918 |  |  |
| **Correspondent e-mail:** | bell@kipusystems.com | **Correspondent e-mail Authorized:** | Yes |

Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 24, 2017 | REGISTERED-PRINCIPAL REGISTER | |
| Nov. 08, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Nov. 08, 2016 | PUBLISHED FOR OPPOSITION | |
| Oct. 19, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Sep. 23, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Sep. 13, 2016 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Sep. 13, 2016 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Sep. 13, 2016 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Sep. 13, 2016 | EXAMINERS AMENDMENT -WRITTEN | 68365 |
| Sep. 06, 2016 | ASSIGNED TO EXAMINER | 68365 |
| May 26, 2016 | NOTICE OF PSEUDO MARK E-MAILED | |
| May 25, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| May 24, 2016 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Jan. 24, 2017 |
|---|---|---|---|



Sabrina Ramsundar, Legal Assistant
Email: sr@angelolaw.com

December 4, 2017

**VIA FEDERAL EXPRESS**
U.S. Patent and Trademark Office
Recordation Division
600 Dulany Street, Room B-50
Madison East, Concourse Level
Alexandra, VA 22314

> RE:   *CITY NATIONAL BANK OF FLORIDA ("Lender") $7,000,000.00 Term Loan (the "Loan") to KIPU SYSTEMS, LLC, a Florida limited liability company ("Borrower")*
> *Our File No. 280597-00288*

Recordation Division:

Please find enclosed for recording and *original* Trademark Security Agreement which consists of eighteen (18) Trademarks. Also, enclosed is our check no. 10166 in the amount of four-hundred sixty-five dollars xx/100 for recordation fee.

Please return a recorded version to us in the enclosed Federal Express Envelope.

Should you have any questions regarding the enclosed, please do not hesitate to contact me.

Sincerely,

SABRINA RAMSUNDAR
*Enclosures*

12-05-2017

U.S. Patent & TMOfc/TM Mail Rcpt Dt #11

SunTrust Center • 515 East Las Olas Boulevard, Suite 850 • Fort Lauderdale, Florida 33301
Telephone: 954/766-9930 • Facsimile: 954/766-9937 • www.angelolaw.com

Form PTO-1594 (Rev. 6-12)
OMB Collection 0651-0027 (exp. 04/30/2018)

U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

### RECORDATION FORM COVER SHEET
# TRADEMARKS ONLY

To the Director of the U. S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

**1. Name of conveying party(ies):**

☐ Individual(s)          ☐ Association
☐ Partnership           ☐ Limited Partnership
☐ Corporation- State:_____
☒ Other Limited Liability Company
Citizenship (see guidelines) Florida

Additional names of conveying parties attached?   ☐ Yes ☒ No

**2. Name and address of receiving party(ies)**

Additional names, addresses, or citizenship attached?   ☐ Yes   ☒ No

Name: CITY NATIONAL BANK OF FLORIDA

Street Address: 25 WEST FLAGLER STREET

City: MIAMI

State: FLORIDA

Country: USA          Zip: 33130

☐ Individual(s) Citizenship _____
☐ Association    Citizenship _____
☐ Partnership    Citizenship _____
☐ Limited Partnership   Citizenship _____
☐ Corporation   Citizenship _____
☒ Other          Citizenship FLORIDA
If assignee is not domiciled in the United States, a domestic
representative designation is attached:   ☐ Yes   ☐ No
(Designations must be a separate document from assignment.)

**3. Nature of conveyance/Execution Date(s):**

Execution Date(s) NOVEMBER 30, 2017

☐ Assignment          ☐ Merger
☒ Security Agreement   ☐ Change of Name
☐ Other_____

**4. Application number(s) or registration number(s) and identification or description of the Trademark.**

A. Trademark Application No.(s)          Text
See attached Schedule 1

B. Trademark Registration No.(s)

Additional sheet(s) attached?   ☒ Yes   ☐ No

C. Identification or Description of Trademark(s) (and Filing Date if Application or Registration Number is unknown):
See attached Schedule 1

**5. Name & address of party to whom correspondence concerning document should be mailed:**
Name: Angelo & Banta, P.A., Attn: Sabrina Ramsundar

Internal Address:_____

Street Address: 515 E. Las Olas Boulevard, Suite 850

City: Fort Lauderdale
State: Florida          Zip: 33301
Phone Number: 954-766-9930
Docket Number: n/a
Email Address: sr@angelolaw.com

**6. Total number of applications and registrations involved:**   18

**7. Total fee (37 CFR 2.6(b)(6) & 3.41)**   $ 465.00

☐ Authorized to be charged to deposit account
☒ Enclosed

**8. Payment Information:**

Deposit Account Number N/A

Authorized User Name N/A

**9. Signature:** _Sabrina Ramis_          12/4/17
Signature                                  Date

SABRINA RAMSUNDAR, Legal Assistant
Name of Person Signing

Total number of pages including cover sheet, attachments, and document: [   ]

Documents to be recorded (including cover sheet) should be faxed to (571) 273-0140, or mailed to:
Mail Stop Assignment Recordation Branch, Director of the USPTO, P.O. Box 1450, Alexandria, VA 22313-1450



## Guidelines for Completing Trademarks Cover Sheets (PTO-1594)

Cover Sheet Information must be submitted with each document to be recorded. If the document to be recorded concerns both patents and trademarks, separate patent and trademark cover sheets, including any attached pages for continuing information, must accompany the document. All pages of the cover sheet should be numbered consecutively for example, if both a patent and trademark cover sheet is used, and information is continued on one additional page for both patents and trademarks, the pages of the cover sheet would be numbered from 1 to 4.

**Item 1.  Name of Conveying Party(ies).**
Enter the full name of the party(ies) conveying the interest.  If there is more than one conveying party, enter a check mark in the "Yes" box to indicate that additional information is attached. The name of the second and any subsequent conveying party(ies) should be placed on an attached page clearly identified as a continuation of the information in Item 1. Enter a check mark in the "No" box, if no information is contained on an attached page.

**Item 2.  Name, Address, Legal Entity Type, and Citizenship of Assignee.**
Enter the name and complete address of the first party receiving the interest.  If there is more than one receiving party,check the "Yes" box to indicate that additional information is attached and write the wording "See additional sheet" on the citizenship line.  On a separate sheet, provide all of the necessary information about the other receiving parties, as explained below.  If the receiving party is an individual, check the "Individual" box and enter the citizenship of the receiving individual.  If the receiving party is a legal entity, i.e., corporation, association, limited partnership, etc., designate the legal entity and citizenship of the receiving party by checking the appropriate box and filling in the citizenship information.  If a box is not provided for the legal entity, check the "Other" box and write the nature of the legal entity, e.g., limited liability company, trust, estate, etc., and its citizenship.  Information about the entity type and citizenship is mandatory.
The citizenship of a legal entity is as follows:  for a *corporation*, it is the U.S. state (or foreign country) of incorporation; for an *association*, it is the U.S. state (or foreign country) under which it is organized; for a *partnership* or *joint venture*, it is the U.S. state (or foreign country) under which it is organized, etc.  In addition, for a *domestic* partnership or *domestic* joint venture, the cover sheet must include the names, legal entities, and national citizenship (or the state or country of organization) of *all* general partners or active members that compose the domestic partnership or domestic joint venture.  For a *trust* or *estate*, the same information should be provided.  If additional space is needed, check the "Yes" box to indicate that additional information is attached, write the wording "See additional sheet" next to the appropriate entity designation, and provide the required information on the additional sheet.
If the receiving party is not domiciled in the United States, a designation of domestic representative is encouraged.  Check the appropriate box to indicate whether or not a designation of domestic representative is attached.  Check the "No" box if no information is attached.

**Item 3.  Nature of Conveyance/Execution Date(s).**
Enter the execution date(s) of the document.  It is preferable to use the name of the month, or an abbreviation of that name, to minimize confusion over dates.  In addition, place a check mark in the appropriate box describing the nature of the conveying document. If the "Other" box is checked, specify the nature of the conveyance.  The "Other" box should be checked if the conveying/receiving party is correcting a previously filed document.

**Item 4.  Application Number(s) or Registration Number(s).**
Indicate the application number(s) including series code and serial number, and/or registration number(s) against which the document is to be recorded.  The identification of the trademark should be provided for all properties to avoid recordation against the wrong property.   A filing date should be provided only when the application or registration number is unknown.  Enter a check mark in the appropriate box: "Yes" or "No" if additional numbers appear on attached pages. Be sure to identify numbers included on attached pages as the continuation of Item 4.

**Item 5.  Name and Address of Party to whom correspondence concerning document should be mailed.**
Enter the name and full address of the party to whom correspondence is to be mailed.

**Item 6.  Total Applications and Trademarks Involved.**
Enter the total number of applications and trademarks identified for recordation. Be sure to include all applications and registrations identified on the cover sheet and on additional pages.

**Item 7.  Total Fee Enclosed.**
Enter the total fee enclosed or authorized to be charged. A fee is required for each application and registration against which the document is recorded.

**Item 8.  Payment Information.**
Enter the deposit account number and authorized user name to authorize charges.

**Item 9.  Signature.**
Enter the name of the person submitting the document. The submitter must sign and date the cover sheet.  Enter the total number of pages including the cover sheet, attachments, and document.

This collection of information is required by 35 USC 261 and 262 and 15 USC 1057 and 1060. The information is used by the public to submit (and by the USPTO to process) patent and trademark assignment requests. After the USPTO records the information, the records for patent and trademarks, assignments, and other associated documents can be inspected by the public. To view documents recorded under secrecy orders or documents recorded due to the interest of the federal government, a written authorization must be submitted. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the form to the USPTO. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Manager of the Assignment Recordation Branch, Randolph Square, Room 5D01, 2800 South Randolph Street, Arlington, VA 22206. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS, SEND TO: Mail Stop Assignment Recordation Branch, Director of the USPTO, P.O. Box 1450, Alexandria, VA 22313-1450.

Case 0:18-cv-60839-CMA   Document 5-1   Entered on FLSD Docket 04/18/2018   Page 107 of
162
Case 1:17-cv-24733-XXXX   Document 1-3   Entered on FLSD Docket 12/31/2017   Page 7 of 41

## TRADEMARK SECURITY AGREEMENT

THIS TRADEMARK SECURITY AGREEMENT (this "Agreement"), dated as of November 30, 2017 by KIPU SYSTEMS LLC, a Florida limited liability company (the "Grantor"), in favor of CITY NATIONAL BANK OF FLORIDA (the "Lender").

## RECITALS

A.     The Grantor has entered into that certain Loan Agreement dated as of even date herewith (as may be amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement") with the Lender, pursuant to which the Lender has agreed to make a loan to Grantor.

B.     In connection therewith Grantor and Lender are entering into this Agreement to secure the payment of all amounts owing by the Grantor under the Loan Agreement.

In consideration of the mutual agreements set forth herein and in the Loan Agreement, the Grantor does hereby grant to the Lender, a continuing security interest in all of Grantor's right, title and interest in, to and under the following, whether presently existing or hereafter created or acquired:

(1)     each trademark and trademark application, including, without limitation, each trademark and trademark application referred to in Schedule 1 attached hereto, together with any reissues, continuations or extensions thereof and all goodwill associated therewith;

(2)     each trademark license, including, without limitation, each trademark license listed on Schedule 1 attached hereto, together with all goodwill associated therewith;

(3)     all products and proceeds of the foregoing, including, without limitation, any claim by the Grantor against third parties for past, present or future infringement of any trademark, including, without limitation, any trademark referred to in Schedule 1 attached hereto, any trademark issued pursuant to a trademark application referred to in Schedule 1 and any trademark licensed under any trademark license listed on Schedule 1 attached hereto (items 1 through 3 being herein collectively referred to as the "Trademark Collateral");

The Grantor hereby acknowledges and affirms that the rights and remedies of the Lender with respect to the security interest in the Trademark Collateral made and granted hereby are more fully set forth in the Loan Agreement, the terms and provisions of which are incorporated by reference herein as if fully set forth herein.  Capitalized terms used but not defined herein have the respective meanings ascribed thereto in the Loan Agreement.

[signature page follows]

The Grantor has caused this Trademark Security Agreement to be duly executed by its duly authorized officer thereunto as of the date first set forth above.

GRANTOR:

KIPU SYSTEMS LLC, a Florida limited liability company

By: _____

Jeffrey Fiorentino, Chief Executive Officer

STATE OF FLORIDA      )
                      )SS:
COUNTY OF Miami Dade  )

The foregoing instrument was acknowledged before me this 30th day of November, 2017, by Jeffrey Fiorentino, as Chief Executive Officer of KIPU SYSTEMS LLC, a Florida limited liability company, on behalf of and as an act of the company, who is personally known to me or has produced a _____ as identification, and took an oath.

_____

NOTARY PUBLIC
Print Name: Mercedes P. Net
My Commission Expires: 6/4/19

MERCEDES P. NET
Notary Public - State of Florida
Commission # FF 237357
My Comm. Expires Jun 4, 2019
Bonded through National Notary Assn

SCHEDULE 1
to
TRADEMARK SECURITY AGREEMENT

| Mark | Type | Serial Number | Registration Number | Date of Filing | Date of Registration |
|------|------|---------------|--------------------|----------------|----------------------|
| Kipu | Trademark | 85835534 | 4442687 | January 29, 2013 | December 3, 2013 |
| Kipu LabScan | Trademark | 86677404 | 4895375 | June 29, 2015 | February 2, 2016 |
| OTO | Service Mark | 87044446 | 5127508 | May 20, 2016 | January 24, 2017 |
| KIPUpedia | Service Mark | 87044947 | 5162897 | May 20, 2016 | March 14, 2017 |
| Golden Thread | Service Mark | 87363815 | Pending | March 8, 2017 | Pending |
|  100% CERTIFIED GOLD CERTIFIED BILLER KIPU | Service Mark | 87357684 | 5315583 | March 3, 2017 | October 24, 2017 |
| RECOVERYBOUND | Service Mark | 87415309 | Pending | April 18, 2017 | Pending |
| LeeRCM | Service Mark | 87216859 | 5217594 | October 26, 2016 | June 6, 2017 |
| pingMD | Service Mark | 85190778 | 4040919 | December 4, 2010 | October 18, 2011 |
| INRECOVERY | Trademark Service Mark | 87415339 | Pending | April 18, 2017 | Pending |
| MOFFICE | Service Mark | 77911132 | 3901890 | January 13, 2010 | January 4, 2011 |
| MVISIT | Service Mark | 77911093 | 3901889 | January 13, 2010 | January 4, 2011 |

| DAUPHIN | Service Mark | 77842294 | 3901682 | October 6, 2009 | January 4, 2011 |
|---|---|---|---|---|---|
| MCONSULT | Service Mark | 77911148 | 3901891 | January 13, 2010 | January 4, 2011 |
| HEALTH ALBUM | Service Mark | 85137239 | 4003902 | September 24, 2010 | July 26, 2011 |
|  | Service Mark | 77911081 | 3901888 | January 13, 2010 | January 4, 2011 |
| TreatmentEMR | Trademark | 86784735 | Abandoned | October 12, 2015 | Abandoned |
| CHOPRAJ | Service Mark | 77840475 | 3881276 | October 2, 2009 | November 23, 2010 |

# United States of America

## United States Patent and Trademark Office

# OTO

**Reg. No. 5,127,508**

**Registered Jan. 24, 2017**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Kipu Systems, LLC (FLORIDA LIMITED LIABILITY COMPANY)
444 Brickell Ave. Ste. 850
Miami, FL 33131

CLASS 42: Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides

FIRST USE 1-16-2012; IN COMMERCE 1-16-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-044,446, FILED 05-20-2016
CHRISTINA B KING, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.**

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

| From: | TMOfficialNotices@USPTO.GOV |
|---|---|
| Sent: | Tuesday, November 8, 2016 00:46 AM |
| To: | bell@kipusystems.com |
| Subject: | Official USPTO Notice of Publication Confirmation: U.S. Trademark SN 87044446: OTO |

### *TRADEMARK OFFICIAL GAZETTE* PUBLICATION CONFIRMATION

**U.S. Serial Number:** 87044446
**Mark:** OTO
**International Class(es):** 042
**Owner:** Kipu Systems, LLC
**Docket/Reference Number:**

The mark identified above has been published in the Trademark Official Gazette (TMOG) on Nov 08, 2016.

**To Review the Mark in the TMOG:**

Click on the following link or paste the URL into an internet browser: https://tmog.uspto.gov/#issueDate=2016-11-08&serialNumber=87044446

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the TMOG for accuracy. If any information is incorrect due to USPTO error, the applicant should immediately email the requested correction to TMPostPubQuery@uspto.gov. For applicant corrections or amendments after publication, please file a post publication amendment using the form available at http://teasroa.uspto.gov/ppa/. For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**Significance of Publication for Opposition:**

* Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board. If no party files an opposition or extension request within thirty (30) days after the publication date, then eleven (11) weeks after the publication date a certificate of registration should issue.

To check the status of the application, go to http://tsdr.uspto.gov/#caseNumber=87044446&caseType=SERIAL_NO&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199. Please check the status of the application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to http://tsdr.uspto.gov/#caseNumber=87044446&caseType=SERIAL_NO&searchType=documentSearch. NOTE: This notice will only become available on-line the next business day after receipt of this e-mail.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

Oct 19, 2016

# NOTICE OF PUBLICATION

1.  Serial No.:
    87-044,446

2.  Mark:
    OTO
    (STANDARD CHARACTER MARK)

3.  International Class(es):
    42

4.  Publication Date:
    Nov 8, 2016

5.  Applicant:
    Kipu Systems, LLC

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the *Official Gazette* on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a certificate of registration.

Copies of the trademark portion of the *Official Gazette* containing the publication of the mark may be obtained from:

> The Superintendent of Documents
> U.S. Government Printing Office
> PO Box 371954
> Pittsburgh, PA 15250-7954
> Phone: 202-512-1800

By direction of the Commissioner.

**Email Address(es):**

bell@kipusystems.com

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Wednesday, October 19, 2016 04:06 AM |
| **To:** | bell@kipusystems.com |
| **Subject:** | Official USPTO Notification of Notice of Publication: U.S. Trademark SN 87044446: OTO |

NOTIFICATION OF "NOTICE OF PUBLICATION"

Your trademark application (Serial No. 87044446) is scheduled to publish in the *Official Gazette* on Nov 8, 2016 . To preview the Notice of Publication, go to http://tdr.uspto.gov/search.action?sn=87044446. If you have difficulty accessing the Notice of Publication, contact TDR@uspto.gov.

**PLEASE NOTE:**
1. The Notice of Publication may not be immediately available but will be viewable within 24 hours of this e-mail notification.
2. You will receive a second e-mail on the actual "Publication Date," which will include a link to the issue of the *Official Gazette* in which the mark has published.

Do NOT hit "Reply" to this e-mail notification. If you have any questions about the content of the Notice of Publication, contact TMPostPubQuery@uspto.gov.

## Trademark Snap Shot Publication Stylesheet
### (Table presents the data on Publication Approval)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87044446 | FILING DATE | 05/20/2016 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | SERVICE MARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | KING, CHRISTINA B | L.O. ASSIGNED | 109 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 09/24/2016 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATON |
| STATUS DATE | 09/23/2016 |
| LITERAL MARK ELEMENT | OTO |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | OTO |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Kipu Systems, LLC |
| ADDRESS | 444 Brickell Ave. Ste. 850<br>Miami, FL 33131 |
| ENTITY | 16-LTD LIAB CO |

| CITIZENSHIP | Florida |
|---|---|

### GOODS AND SERVICES

| INTERNATIONAL CLASS | 042 |
|---|---|
| DESCRIPTION TEXT | Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides |

### GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 042 | FIRST USE DATE | 01/16/2012 | FIRST USE IN COMMERCE DATE | 01/16/2012 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

### MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| PSEUDO MARK | ONE TIME ONLY |

### PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 09/23/2016 | CNSA | O | APPROVED FOR PUB - PRINCIPAL REGISTER | 009 |
| 09/13/2016 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 008 |
| 09/13/2016 | GNEN | O | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 007 |
| 09/13/2016 | GNEA | F | EXAMINERS AMENDMENT E-MAILED | 006 |
| 09/13/2016 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 005 |
| 09/06/2016 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 05/26/2016 | MPMK | E | NOTICE OF PSEUDO MARK E-MAILED | 003 |
| 05/25/2016 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 05/24/2016 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

### CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Brian Bell |
|---|---|
| CORRESPONDENCE ADDRESS | BRIAN BELL 444 BRICKELL AVE. STE. 850 MIAMI, FL 33131 |
| DOMESTIC REPRESENTATIVE | NONE |

# OTO

## Trademark Snap Shot Amendment & Mail Processing Stylesheet
### (Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87044446 | FILING DATE | 05/20/2016 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | SERVICE MARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | KING, CHRISTINA B | L.O. ASSIGNED | 109 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 09/14/2016 |
| PUB DATE | N/A |
| STATUS | 647-EXAMINERS AMENDMENT - MAILED |
| STATUS DATE | 09/13/2016 |
| LITERAL MARK ELEMENT | OTO |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | OTO |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Kipu Systems, LLC |
| ADDRESS | 444 Brickell Ave. Ste. 850<br>Miami, FL 33131 |
| ENTITY | 16-LTD LIAB CO |

| CITIZENSHIP | Florida |
|---|---|

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 042 |
|---|---|
| DESCRIPTION TEXT | Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 042 | FIRST USE DATE | 01/16/2012 | FIRST USE IN COMMERCE DATE | 01/16/2012 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| PSEUDO MARK | ONE TIME ONLY |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 09/13/2016 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 008 |
| 09/13/2016 | GNEN | O | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 007 |
| 09/13/2016 | GNEA | F | EXAMINERS AMENDMENT E-MAILED | 006 |
| 09/13/2016 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 005 |
| 09/06/2016 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 05/26/2016 | MPMK | E | NOTICE OF PSEUDO MARK E-MAILED | 003 |
| 05/25/2016 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 05/24/2016 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Brian Bell |
|---|---|
| CORRESPONDENCE ADDRESS | BRIAN BELL<br>444 BRICKELL AVE. STE. 850<br>MIAMI, FL 33131 |
| DOMESTIC REPRESENTATIVE | NONE |

Case 0:18-cv-60839-CMA   Document 5-1   Entered on FLSD Docket 04/18/2018   Page 121 of
162
Case 1:17-cv-24733-XXXX   Document 1-3   Entered on FLSD Docket 12/31/2017   Page 21 of 41

# OTO

# NOTE TO THE FILE

SERIAL NUMBER:     87044446

DATE:              09/13/2016

NAME:              cking2

NOTE:

**Searched:**
___ Google
___ Lexis/Nexis
___ OneLook
___ Wikipedia
___ Acronym Finder
___ Other:

**Discussed ID with:**
___ Senior Atty
___ Managing Atty

___ Protest evidence reviewed

**Checked:**
___ Geographic significance
___ Surname
___ Translation
___ ID with ID/CLASS mailbox

**Discussed Geo. Sig. with:**
___ Senior Atty
___ Managing Atty

___ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney/Applicant via:**
___ phone
___ email

___ Requested Law Library search
    for:

___ **PRINT** ___ **DO NOT PRINT**
___ Description of the mark
___ Translation statement

___ Negative translation statement
___ Consent of living individual

___ Changed TRADEUPS to:

___ OTHER:

___ Left message with
    Attorney/Applicant

_X_ Issued Examiner's Amendment
    and entered changes in TRADEUPS

___ Added design code in TRADEUPS

___ Re-imaged standard character
    drawing

___ Contacted TM MADRID ID/CLASS
    about misclassified definite ID

| To: | Kipu Systems, LLC (bell@kipusystems.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 87044446 - OTO - N/A |
| Sent: | 9/13/2016 5:37:54 PM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 87044446

**MARK:** OTO

**CORRESPONDENT ADDRESS:**
BRIAN BELL
444 BRICKELL AVE. STE. 850
MIAMI, FL 33131

**APPLICANT:** Kipu Systems, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**
bell@kipusystems.com

## *87044446*

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

VIEW YOUR APPLICATION FILE

### EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE: 9/13/2016**

**DATABASE SEARCH:** The trademark examining attorney has searched the USPTO's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; *see* 15 U.S.C. §1052(d).

**APPLICATION HAS BEEN AMENDED:** In accordance with the authorization granted by Brian Bell on September 13, 2016, the trademark examining attorney has amended the application as indicated below. Please advise the undersigned immediately of any objections. Otherwise, no response is necessary. TMEP §707. Any amendments to the identification of goods and/or services may clarify or limit the goods and/or services, but may not add to or broaden the scope of the goods and/or services. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*

RECITATION OF SERVICES

The identification of services is amended to read as follows:

Providing temporary use of a non-downloadable due diligence patient admission check/flag feature of a web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides.

*See* TMEP §§1402.01, 1402.01(e).

/Chrisie Brightmire King/
Trademark Attorney
Law Office 109
(571) 272-9179
chrisie.king@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

| To: | Kipu Systems, LLC (bell@kipusystems.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 87044446 - OTO - N/A |
| Sent: | 9/13/2016 5:37:56 PM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **9/13/2016** FOR U.S. APPLICATION SERIAL NO.87044446

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# NOTE TO THE FILE

SERIAL NUMBER:       87044446

DATE:                09/13/2016

NAME:                cking2

NOTE:

**Searched:**
| X | Google |
| X | Lexis/Nexis |
| X | OneLook |
| ___ | Wikipedia |
| X | Acronym Finder |
| ___ | Other: |

**Discussed ID with:**
| ___ | Senior Atty |
| ___ | Managing Atty |
| | |
| ___ | Protest evidence reviewed |

**Checked:**
| ___ | Geographic significance |
| ___ | Surname |
| ___ | Translation |
| ___ | ID with ID/CLASS mailbox |

**Discussed Geo. Sig. with:**
| ___ | Senior Atty |
| ___ | Managing Atty |

__ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney/Applicant via:**
| ___ | phone |
| ___ | email |

| ___ | Left message with Attorney/Applicant |

___ Requested Law Library search for:

___ Issued Examiner's Amendment and entered changes in TRADEUPS

___ **PRINT**    ___ **DO NOT PRINT**

___ Added design code in TRADEUPS

___ Description of the mark
___ Translation statement

___ Re-imaged standard character drawing

___ Negative translation statement
___ Consent of living individual

___ Contacted TM MADRID ID/CLASS about misclassified definite ID

___ Changed TRADEUPS to:

___ OTHER:

*** User:cking2 ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 83 | 0 | 83 | 78 | 0:02 | ("oto" or "o t o" or "ot o" or "o to")[bi,ti] and live[ld] |
| 02 | 9511 | N/A | 0 | 0 | 0:02 | *oto*[bi,ti] and live[ld] |
| 03 | 161 | N/A | 0 | 0 | 0:02 | oto*[bi,ti] and live[ld] |
| 04 | 124 | 0 | 124 | 114 | 0:01 | 3 not 1 |

Session started 9/7/2016 8:45:34 AM
Session finished 9/7/2016 9:08:18 AM
Total search duration 0 minutes 7 seconds
Session duration 22 minutes 44 seconds
Defaut NEAR limit=1ADJ limit=1

Sent to TICRS as Serial Number: 87044446

| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Thursday, May 26, 2016 00:22 AM |
| **To:** | bell@kipusystems.com |
| **Subject:** | Official USPTO Notice of Pseudo Mark: U.S. Trademark SN: 87044446: OTO |

**Docket/Reference Number:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings. For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'. A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

Response to this notice is not required; however, to suggest additions or changes to the pseudo mark assigned to your mark, please e-mail TMDesignCodeComments@USPTO.GOV. You **must** reference your application serial number within your request. The USPTO will review the proposal and update the record, if appropriate. For questions, please call 1-800-786-9199 to speak to a Customer Service representative.

The USPTO will not send any further response to your e-mail. Check TESS in approximately two weeks to see if the requested changes have been entered. Requests deemed unnecessary or inappropriate will not be entered.

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=87044446. NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

ONE TIME ONLY

# OTO

5/19/2016                                    Kipu Records Release Notes for 3/9/2016

| Subscribe | Share ▼ | Past Issues | | Translate |

Kipu Records: latest updates and features.



# Kipu Records Release Notes for 3/9/2016

In today's release note, KIPU is outlining the latest enhancements and improvements; including updates in Reporting and access information to KIPUpedia!

Contact us at **(561) 349-5911** for further explanation or training.

> The next Super Admin Training in Florida will be held at the Duncan Conference Center in Delray Beach on Tuesday, March 15, 2016. We will be "Focusing on the Top Row."
> Contact us if you would like information on how to attend!

# ENHANCEMENTS/IMPROVEMENTS

### Reports

All Co-pay and Deductible fields are now gathered from the Insurance Verification and show consistently on the Reports.

Billable Reports evaluation date presentation was improved.

The Allow_UR field on the patient face sheet is now available in Reports.

### Contacts

Super admins can now export all Contacts into a CSV file. To export: Click the Export button in the upper right of the Contacts tab.

### Vital Signs History

In the history view, the vital signs will appear in the same order you have as when enter vital signs.

5/19/2016                                    Kipu Records Release Notes for 3/9/2016

### KIPUpedia

Look for the HELP button in the upper right with the next update. There you will find new tips and training tools.

## DID YOU KNOW?

### Restore Functionality

A Super Admin can retrieve deleted patients, forms, and templates under Settings/Restore. However, did you know that deleting documents takes time? This is why Super Admins need to be very careful when trying to restore an item that has just been deleted. One should reserve a few hours after a deletion has occurred before trying to restore it, in order to avoid a restoration that is not complete.

### Signature Pads - Scriptel

Sciptel Pads are now supported on Mac and PC's. They're supported in Chrome, Firefox, Internet Explorer, and Safari. You can find more information on Sciptel here: http://scriptel.com

### What is OTO™?

Working closely with a detox facility to create KIPU®, we created a way to document that a patient, after discharge, may not be welcome back for readmission.  This is the genesis of OTO™ – short for "One Time Only".

This unique identifier, when checked, will cause an "OTO!" to display next to the patient's name in the header of his/her chart.  It does not prevent a patient from being readmitted; rather, it serves as a flag on that individual that extra due diligence may be required before actually doing so.

### March is National Nutrition Month!

Good nutrition is the cornerstone of a happy and healthy lifestyle. It positively affects both mind and body and helps promote longevity.

Every March, the Academy of Nutrition and Dietetics runs an educational campaign that focuses on the importance of making informed food choices, developing sound eating, and physical activity habits.

In Kipu Records, you have some great tools to help manage nutrition and special dietary needs. On the face sheet, you are able to document both food allergies and restrictions. You can select the appropriate nutritional needs from a customizable list of common

5/19/2016                                      Kipu Records Release Notes for 3/9/2016

dietary options as well as free type any additional requirements. This in turn allows you to generate a food memo complete with the client photo for the facility chef.

We also offer a great nutritional screen that can be used to identify clients who require additional health education and treatment. If you do not currently have a copy in your system, please contact your Kipu representative or the Client Services team at 561-349-5911.

For some great ideas on how to integrate nutrition education at your facility this month, please visit: http://www.eatright.org/resources/national-nutrition-month

As always – please feel free to contact us at (561) 349-5911 with your questions and your comments.

All the best,
Tobias

follow on Twitter | forward to a friend

Copyright © 2016 Kipu Systems, All rights reserved.

unsubscribe from this list | update subscription preferences

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87044446**
**Filing Date: 05/20/2016**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| ***MARK** | OTO |
| ***STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | OTO |
| ***MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| ***OWNER OF MARK** | Kipu Systems, LLC |
| ***STREET** | 444 Brickell Ave. Ste. 850 |
| ***CITY** | Miami |
| ***STATE** (Required for U.S. applicants) | Florida |
| ***COUNTRY** | United States |
| ***ZIP/POSTAL CODE** (Required for U.S. applicants) | 33131 |
| **PHONE** | 5613495901 |
| **LEGAL ENTITY INFORMATION** | |
| ***TYPE** | LIMITED LIABILITY COMPANY |
| ***STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Florida |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| ***INTERNATIONAL CLASS** | 042 |
| ***IDENTIFICATION** | Providing temporary use of a non-downloadable web application for **storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities** |

|  | and other healthcare related facilities and instructional user guides. |
|---|---|
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/16/2012 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/16/2012 |
| SPECIMEN FILE NAME(S) |  |
| ORIGINAL PDF FILE | SPE0-173199229130-20160520100335347004_._OTO.pdf |
| CONVERTED PDF FILE(S)<br>(3 pages) | \\TICRS\EXPORT16\IMAGEOUT16\870\444\87044446\xml1\FTK0003.JPG |
|  | \\TICRS\EXPORT16\IMAGEOUT16\870\444\87044446\xml1\FTK0004.JPG |
|  | \\TICRS\EXPORT16\IMAGEOUT16\870\444\87044446\xml1\FTK0005.JPG |
| SPECIMEN DESCRIPTION | Promotional newsletter describing the service as an already-existing feature of the software platform. Mark appears in the middle of page 2. |
| ADDITIONAL STATEMENTS INFORMATION | |
| *TRANSLATION<br>(if applicable) |  |
| *TRANSLITERATION<br>(if applicable) |  |
| *CLAIMED PRIOR REGISTRATION<br>(if applicable) |  |
| *CONSENT (NAME/LIKENESS)<br>(if applicable) |  |
| *CONCURRENT USE CLAIM<br>(if applicable) |  |
| ATTORNEY INFORMATION | |
| NAME | Brian Bell |
| STREET | 444 Brickell Ave. Ste. 850 |
| CITY | Miami |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33131 |
| PHONE | 5613495918 |
| EMAIL ADDRESS | bell@kipusystems.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| CORRESPONDENCE INFORMATION | |
| *NAME | Brian Bell |
| *STREET | 444 Brickell Ave. Ste. 850 |
| *CITY | Miami |
| *STATE<br>(Required for U.S. addresses) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 33131 |
| PHONE | 5613495918 |

Case 0:18-cv-60839-CMA   Document 5-1   Entered on FLSD Docket 04/18/2018   Page 135 of
162
Case 1:17-cv-24733-XXXX   Document 1-3   Entered on FLSD Docket 12/31/2017   Page 35 of 41

| *EMAIL ADDRESS | bell@kipusystems.com |
|---|---|
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

| FEE INFORMATION | |
|---|---|
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |

| SIGNATURE INFORMATION | |
|---|---|
| * SIGNATURE | /Brian D. Bell/ |
| * SIGNATORY'S NAME | Brian D. Bell |
| * SIGNATORY'S POSITION | Corporate Counsel, Attorney of Record, Florida bar member |
| SIGNATORY'S PHONE NUMBER | 5613495918 |
| * DATE SIGNED | 05/20/2016 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87044446**
**Filing Date: 05/20/2016**

## To the Commissioner for Trademarks:

**MARK:** OTO (Standard Characters, see mark)
The literal element of the mark consists of OTO.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Kipu Systems, LLC, a limited liability company legally organized under the laws of Florida, having an address of
    444 Brickell Ave. Ste. 850
    Miami, Florida 33131
    United States
    5613495901(phone)

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 042: Providing temporary use of a non-downloadable web application for storage and management of electronic health records, document management, forms processing, custom coding, billing, workflow, business management, and facility operations for addiction treatment facilities and other healthcare related facilities and instructional user guides.

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 042, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 01/16/2012, and first used in commerce at least as early as 01/16/2012, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Promotional newsletter describing the service as an already-existing feature of the software platform. Mark appears in the middle of page 2..

**Original PDF file:**
SPE0-173199229130-20160520100335347004_._OTO.pdf
**Converted PDF file(s) (3 pages)**
Specimen File1
Specimen File2
Specimen File3

The applicant's current Attorney Information:
    Brian Bell    444 Brickell Ave. Ste. 850
    Miami, Florida 33131
    United States
    5613495918(phone)
    bell@kipusystems.com (authorized)

The applicant's current Correspondence Information:
    Brian Bell

444 Brickell Ave. Ste. 850
Miami, Florida 33131
5613495918(phone)
bell@kipusystems.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The signatory believes that: if the applicant is filing the application under 15 U.S.C. § 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant is using the mark in commerce on or in connection with the goods/services in the application; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e), the applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Signature: /Brian D. Bell/   Date Signed: 05/20/2016
Signatory's Name: Brian D. Bell
Signatory's Position: Corporate Counsel, Attorney of Record, Florida bar member

RAM Sale Number: 87044446
RAM Accounting Date: 05/20/2016

Serial Number: 87044446
Internet Transmission Date: Fri May 20 10:34:05 EDT 2016
TEAS Stamp: USPTO/FTK-XXX.XXX.XXX.XXX-20160520103405
867896-87044446-550694dbe8ccfb7683750c73
0f39ff5171ffd2948aefddc5358c7d4a16b83c18
e-CC-8278-2016052010035347004

# OTO

5/19/2016                                    Kipu Records Release Notes for 3/9/2016

| Subscribe | Share ▾ | Past Issues | | Translate |

Kipu Records: latest updates and features.



# Kipu Records Release Notes for 3/9/2016

In today's release note, KIPU is outlining the latest enhancements and improvements; including updates in Reporting and access information to KIPUpedia!

Contact us at **(561) 349-5911** for further explanation or training.

> The next Super Admin Training in Florida will be held at the Duncan Conference Center in Delray Beach on Tuesday, March 15, 2016. We will be "Focusing on the Top Row."
> Contact us if you would like information on how to attend!

# ENHANCEMENTS/IMPROVEMENTS

## Reports

All Co-pay and Deductible fields are now gathered from the Insurance Verification and show consistently on the Reports.

Billable Reports evaluation date presentation was improved.

The Allow_UR field on the patient face sheet is now available in Reports.

## Contacts

Super admins can now export all Contacts into a CSV file.  To export: Click the Export button in the upper right of the Contacts tab.

## Vital Signs History

In the history view, the vital signs will appear in the same order you have as when enter vital signs.

## KIPUpedia

Look for the HELP button in the upper right with the next update. There you will find new tips and training tools.

# DID YOU KNOW?

## Restore Functionality

A Super Admin can retrieve deleted patients, forms, and templates under Settings/Restore. However, did you know that deleting documents takes time? This is why Super Admins need to be very careful when trying to restore an item that has just been deleted. One should reserve a few hours after a deletion has occurred before trying to restore it, in order to avoid a restoration that is not complete.

## Signature Pads - Scriptel

Sciptel Pads are now supported on Mac and PC's. They're supported in Chrome, Firefox, Internet Explorer, and Safari. You can find more information on Sciptel here: http://scriptel.com

## What is OTO™?

Working closely with a detox facility to create KIPU®, we created a way to document that a patient, after discharge, may not be welcome back for readmission.  This is the genesis of OTO™ – short for "One Time Only".

This unique identifier, when checked, will cause an "OTO!" to display next to the patient's name in the header of his/her chart.  It does not prevent a patient from being readmitted; rather, it serves as a flag on that individual that extra due diligence may be required before actually doing so.

## March is National Nutrition Month!

Good nutrition is the cornerstone of a happy and healthy lifestyle. It positively affects both mind and body and helps promote longevity.

Every March, the Academy of Nutrition and Dietetics runs an educational campaign that focuses on the importance of making informed food choices, developing sound eating, and physical activity habits.

In Kipu Records, you have some great tools to help manage nutrition and special dietary needs. On the face sheet, you are able to document both food allergies and restrictions. You can select the appropriate nutritional needs from a customizable list of common

dietary options as well as free type any additional requirements. This in turn allows you to generate a food memo complete with the client photo for the facility chef.

We also offer a great nutritional screen that can be used to identify clients who require additional health education and treatment. If you do not currently have a copy in your system, please contact your Kipu representative or the Client Services team at 561-349-5911.

For some great ideas on how to integrate nutrition education at your facility this month, please visit: http://www.eatright.org/resources/national-nutrition-month

As always – please feel free to contact us at (561) 349-5911 with your questions and your comments.

All the best,
Tobias

follow on Twitter | forward to a friend

Copyright © 2016 Kipu Systems, All rights reserved.

unsubscribe from this list | update subscription preferences

# Exhibit D



Website Development and Marketing Services | Website Consultants.org

www.websiteconsultants.org/our-services/

HOME    ABOUT US    DOMAINS FOR SALE    OUR WORK    **SERVICES**    CONTACT US



HOME — OUR SERVICES

## OUR SERVICES

REQUEST A QUOTE  >

We are very good at what we do & our customers know it.

  

FIND OUT HOW YOU CAN

### BRING YOUR WEBSITE TO THE NEXT LEVEL

**INTERNET MARKETING**

Google

We have been providing services to local and global clients for over half a decade.

Search Marketing (SEO & PPC Management)
Link Building
Lead Generation
Consulting

REQUEST A QUOTE  >

**DEVELOPMENT**



Our development team can bring your idea to life. We are capable of producing everything from simple mobile applications to enterprise level forecasting solutions.

SEE WHAT WE'VE DONE  >

**DESIGN SERVICES**



Our design team is hands down, the best around. We'll wow you with our logo designs and take your breathe away with our web designs. Try us out.

SEE WHAT WE'VE DONE  >

**DOMAINS FOR SALE**



Are you looking to build an online brand? We have hundreds of high quality domain names to choose from. The right domain name can be the difference between success and failure.

MORE  >

Brokering
Consulting
Domain Sales

**WE'RE TRUSTED AND QUALIFIED.**

Website Consultants, Inc is a Google Adwords certified partner and we're also individually qualified with Google Analytics. When it comes to putting your company's reputation on the line, don't risk some international firm. We are in South Florida, and are here to assist you at all times.



# Exhibit E

 **GoDaddy™**     EN          📞 (480) 505-8877 ▾     Help   Blog   🔔      Robert     🛒 

**Domains   Websites   WordPress   Hosting   Web Security   Online Marketing   Email & Office   Phone Nu**

## Search the WHOIS Database

**Partners**

| Enter a domain name to search |

**Search**

**Private Registration**    **Local listings**

# WHOIS search results

Domain Name: SOLUTIONSREHAB.COM
Registry Domain ID:
Registrar WHOIS Server:
whois.domaindiscover.com
Registrar URL: https://www.tierra.net
Updated Date: 2017-10-04T14:49:26Z
Creation Date: 2011-10-04T14:02:30Z
Registrar Registration Expiration Date: 2019-10-04T14:02:30Z
Registrar: TIERRANET INC. DBA DOMAINDISCOVER
Registrar IANA ID: 86
Registrar Abuse Contact Email: icann-abuse-reports@tierra.net
Registrar Abuse Contact Phone: +1.6193932105
Reseller:
Domain Status: clientTransferProhibited
Registry Registrant ID:
Registrant Name: Rick Glaser
Registrant Organization: Website Consultants
Registrant Street: 2743 First Street

### Want to buy this domain?

Get it with our Domain Buy Service.

**Go**

### Is this your domain?

Add hosting, email and more.

**Go**

Registrant Street: Unit 306
Registrant City: Fort Myers
Registrant State/Province: FL
Registrant Postal Code: 33916
Registrant Country: US
Registrant Phone: +1.5186690420
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: rick@websiteconsultants.org
Registry Admin ID:
Admin Name: Rick Glaser
Admin Organization: Website Consultants
Admin Street: 2743 First Street
Admin Street: Unit 306
Admin City: Fort Myers
Admin State/Province: FL
Admin Postal Code: 33916
Admin Country: US
Admin Phone: +1.5186690420
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: rick@websiteconsultants.org
Registry Tech ID:
Tech Name: Rick Glaser
Tech Organization: Website Consultants
Tech Street: 2743 First Street
Tech Street: Unit 306
Tech City: Fort Myers
Tech State/Province: FL
Tech Postal Code: 33916
Tech Country: US
Tech Phone: +1.5186690420
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: rick@websiteconsultants.org
Name Server: NS1.KOALAFIED.NET
Name Server: NS2.KOALAFIED.NET
DNSSEC:
URL of the ICANN WHOIS Data Problem

Reporting System: http://wdprs.internic.net/
>>> Last update of WHOIS database: 2017-12-27T10:02:07Z <<<

This WHOIS database is provided for information purposes only. We do
not guarantee the accuracy of this data. The following uses of this
system are expressly prohibited: (1) use of this system for unlawful
purposes; (2) use of this system to collect information used in the
mass transmission of unsolicited commercial messages in any medium;
(3) use of high volume, automated, electronic processes against this
database. By submitting this query, you agree to abide by this
policy.

Registrar: TierraNet Inc. d/b/a DomainDiscover
Whois Server: whois.domaindiscover.com
Creation Date: 2011-10-04T22:02:30Z
Updated Date: 2017-10-04T21:50:07Z
Expiration Date: 2019-10-04T22:02:30Z

Nameserver: NS1.KOALAFIED.NET
Nameserver: NS2.KOALAFIED.NET

Registry Status: clientTransferProhibited
See Underlying Registry Data

# Need help? Call our award-winning support team 24/7 at (480) 505-8877

**About GoDaddy**

**Support**

Product Support

**Resources**

Webmail

**Partner Programs**

**Account**

My Account

**Shopping**

Domains

WHOIS search: 12/8/17, 1:02 PM

| | | WHOIS | Affiliates | My Renewals | Websites |
| --- | --- | --- | --- | --- | --- |
| About Us | Community | ICANN | Reseller Programs | Create Account | WordPress |
| Contact Us | Report Abuse | Confirmation | GoDaddy Pro | | Hosting |
| Newsroom | | Tools for Pros | | | Web Security |
| Investor Relations | | Redeem Code | | | Online Marketing |
| Careers | | Product Catalog | | | Email & Office |
| Corporate Responsibility | | Site Map | | | Phone Numbers |
| GoDaddy Store | | | | | Promos |
| Legal | | | | | |
| GoDaddy Blog | | | | | |
| Blake's Blog | | | | | |

Sign up for special offers

Email Address          **Submit**

**United States - English**     **USD**                    **Follow Us**

Use of this Site is subject to express terms of use. By using this site, you signify that you agree to be bound by these Universal Terms of Service.

Legal  |  Privacy Policy  |  Advertising Preferences  |  Cookies

Copyright © 1999 - 2017 GoDaddy Operating Company, LLC. All Rights Reserved.

JS 44   (Rev. 06/17) FLSD Revised 06/01/2017

Case 1:17-cv-24733-XXXX   Document 1-6   Entered on FLSD Docket 12/31/2017   Page 1 of 1

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a)   PLAINTIFFS**  KIPU SYSTEMS LLC

**DEFENDANTS**  ZENCHARTS LLC, et al

**(b)**  County of Residence of First Listed Plaintiff  MIAMI-DADE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Robert H. Thornburg, ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Ave, Ste 2400, Miami, FL 33131 (305) 374-8303

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:   ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

**II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☑ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

Other:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☑ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V.  ORIGIN** *(Place an "X" in One Box Only)*

- ☑ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Re-filed (See VI below)
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation Transfer
- ☐ 7  Appeal to District Judge from Magistrate Judgment
- ☐ 8  Multidistrict Litigation – Direct File
- ☐ 9  Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**  (See instructions): a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE:                                                                                          DOCKET NUMBER:

**VII. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Trade Secret Theft, Computer Abuse & Data Recovery Act Violations, Trademark Infringement, Conspiracy, etc.
LENGTH OF TRIAL via 10  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE   December 31, 2017

SIGNATURE OF ATTORNEY OF RECORD
s/Robert H. Thornburg

FOR OFFICE USE ONLY
RECEIPT #              AMOUNT              IFP              JUDGE              MAG JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| KIPU SYSTEMS LLC | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ZENCHARTS LLC, et al | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ZENCHARTS LLC
c/o Richard Glaser, Registered Agent
777 Glades Rd, Suite 100
Boca Raton, FL 33434

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| KIPU SYSTEMS LLC | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ZENCHARTS LLC, et al | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ZEN MEDICAL, LLC
c/o David Langle, Registered Agent
7777 Glades Rd, Suite 100
Boca Raton, FL 33434

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   SOLUTIONS RECOVERY CENTER, LLC
c/o Daniel Callahan, Registered Agent
6115 Lyons Road
Coconut Creek, FL 33073

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
                                                                    _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SOLUTIONS RECOVERY LLC
c/o Daniel Callahan, Registered Agent
16145 State Rd 7, Unit D
Delray Beach, FL 33446

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
#### Southern District of Florida

| | |
|---|---|
| KIPU SYSTEMS LLC | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| ZENCHARTS LLC, et al | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     WEBSITE CONSULTANTS INC
c/o Sean Callahan, Registered Agent
11680 Tundra Drive
North Fort Myers, FL 33917

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| KIPU SYSTEMS LLC | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| ZENCHARTS LLC, et al | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CALLAHAN HOLDINGS, INC.
c/o Seamus Callahan, Registered Agent
150 East Palmetto Park Road, #800
Boca Raton, FL 33432

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
                                                             *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| KIPU SYSTEMS LLC | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| ZENCHARTS LLC, et al | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  RICHARD "RICK" GLASER
7777 Glades Road, Suite 100
Boca Raton, FL  33434

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

| | |
|---|---|
| KIPU SYSTEMS LLC | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ZENCHARTS LLC, et al | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   KEITH HOULIHAN a/k/a KEITH HOOTIE
18008 Jazz Lane
Boca Raton, FL  33496

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  SEAN CALLAHAN
11680 Tundra Drive, Unit 3103
North Fort Myers, FL 33917

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   DANIEL J. CALLAHAN
6115 Lyons Road
Coconut Creek, FL  33073

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SEAMUS CALLAHAN
150 East Palmetto Park Road, Suite 800
Boca Raton, FL  33432

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

|  |  |  |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| ·v. | ) | Civil Action No. |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   YANKO KARKALICHEV
16145 State Road 7, Unit D
Delray Beach, FL  33446

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Case 1:17-cv-24733-XXXX   Document 1-19   Entered on FLSD Docket 12/31/2017   Page 1 of 1

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| KIPU SYSTEMS LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| ZENCHARTS LLC, et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ANTON ALADZHOV
16145 State Road 7, Unit D
Delray Beach, FL  33446

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert H. Thornburg
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL 33131
(305) 374-8303
rthornburg@allendyer.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*