UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-60839-CIV-ALTONAGA/Seltzer

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, SYNDICATES
2623/623,

      Plaintiff,

v.

SOLUTIONS RECOVERY CENTER, LLC,
DANIEL J. CALLAHAN, SEAN
CALLAHAN, and RICHARD GLASER

      Defendant.

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIM

Plaintiff, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SYNDICATES 2623/623 (hereinafter, "Underwriters"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Defendants' Amended Counterclaim [D.E. 33], as follows:

### PARTIES

1.      Underwriters admit the allegations in Paragraph 1 of Defendants' Amended Counterclaim for jurisdictional purposes only. Underwriters are without knowledge sufficient to form a belief as to all other allegations, and therefore deny same and demand strict proof thereof.

2.      Underwriters admit the allegations in Paragraph 2 of Defendants' Amended Counterclaim for jurisdictional purposes only. Underwriters are without knowledge sufficient to form a belief as to all other allegations, and therefore deny same and demand strict proof thereof.

3.      Underwriters admit the allegations in Paragraph 3 of Defendants' Amended Counterclaim for jurisdictional purposes only. Underwriters are without knowledge sufficient to form a belief as to all other allegations, and therefore deny same and demand strict proof thereof.

4.      Underwriters admit the allegations in Paragraph 4 of Defendants' Amended Counterclaim for jurisdictional purposes only. Underwriters are without knowledge sufficient to form a belief as to all other allegations, and therefore deny same and demand strict proof thereof.

5.      Underwriters admit the allegations in Paragraph 5 of Defendants' Amended Counterclaim for jurisdictional purposes only.

6.      Underwriters admit the allegations in Paragraph 6 of Defendants' Amended Counterclaim for jurisdictional purposes only.

## NATURE OF ACTION

7.      Underwriters deny the allegations contained in Paragraph 7 of Defendants' Amended Complaint and demand strict proof thereof.

8.      Underwriters deny the allegations contained in Paragraph 8 of Defendants' Amended Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

9.      Underwriters admit the allegations in Paragraph 9 of Defendants' Amended Counterclaim for jurisdictional purposes only.

10.      Underwriters admit the allegations in Paragraph 10 of Defendants' Amended Counterclaim for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

11.      The Policy referenced in Paragraph 11 of Defendants' Amended Counterclaim is a legal document that speaks for itself. All allegations of fact inconsistent with a fair reading or

construction of the Policy are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

12.     The Policy referenced in Paragraph 12 of Defendants' Amended Counterclaim is a legal document that speaks for itself. All allegations of fact inconsistent with a fair reading or construction of the Policy are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

13.     The Policy and Amended Complaint referenced in Paragraph 13 of Defendants' Amended Counterclaim are legal documents that speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

14.     The Policy referenced in Paragraph 14 of Defendants' Amended Counterclaim is a legal document that speaks for itself. All allegations of fact inconsistent with a fair reading or construction of the Policy are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

15.     The Kipu Underlying Action referenced in Paragraph 15 of Defendants' Amended Counterclaim is a legal document that speaks for itself. Underwriters deny Defendants' characterization of the contents of the Kipu Underlying Complaint. Any and all other allegations are denied and Underwriters demand strict proof thereof.

16.     Underwriters deny the allegations in Paragraph 16 of Defendants' Amended Counterclaim and demand strict proof thereof.

17.     Underwriters deny the allegations in Paragraph 17 of Defendants' Amended Counterclaim and demand strict proof thereof.

18.     The April 16, 2018 letter referenced in Paragraph 18 of Defendants' Amended Counterclaim is a legal document that speaks for itself. Underwriters deny Defendants' characterization of the contents of the April 16, 2018 letter. Any and all other allegations are denied and Underwriters demand strict proof thereof.

19.     Underwriters admit that they denied coverage to Defendants for the defense of the Kipu Underlying Action, but deny and all allegations of wrongdoing, whether express or implied, contained in Paragraph 19 of Defendants' Amended Counterclaim. Any and all other allegations are denied and Underwriters demand strict proof thereof.

20.     The Complaint and Amended Complaint filed by Underwriters referenced in Paragraph 20 of Defendants' Amended Counterclaim are legal documents that speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Complaint and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

## COUNT I: DECLARATORY JUDGMENT
### (Duty to Defend)

21.     Underwriters adopt and incorporate by reference the answers contained in Paragraphs 1-20 of this Answer and Affirmative Defenses, as though fully set forth herein.

22.     Underwriters deny the allegations contained in Paragraph 22 of Defendants' Amended Counterclaim and demand strict proof thereof.

23.     Underwriters deny the allegations contained in Paragraph 23 of Defendants' Amended Counterclaim and demand strict proof thereof.

24.     Underwriters are without knowledge sufficient to form a belief as to the allegations in Paragraph 24 of Defendants' Amended Counterclaim, and therefore deny same and demand strict proof thereof.

25.     Underwriters are without knowledge sufficient to form a belief as to the allegations in Paragraph 25 of Defendants' Amended Counterclaim, and therefore deny same and demand strict proof thereof.

26.     Underwriters deny the allegations contained in Paragraph 26 of Defendants' Amended Counterclaim and demand strict proof thereof.

27.     Underwriters deny the allegations contained in Paragraph 27 of Defendants' Amended Counterclaim and demand strict proof thereof.

28.     Underwriters deny the allegations contained in Paragraph 28 of Defendants' Amended Counterclaim and demand strict proof thereof.

29.     Underwriters deny the allegations contained in Paragraph 29 of Defendants' Amended Counterclaim and demand strict proof thereof.

30.     Underwriters deny the allegations contained in Paragraph 30 of Defendants' Amended Counterclaim and demand strict proof thereof.

31.     Underwriters admit that all or most of Kipu's allegations are not made against insureds under the Policy. Underwriters also admit that they do not owe a duty to defend the Defendants in the Kipu action. Underwriters deny any and all remaining allegations in Paragraph 31 of Defendants' Amended Counterclaim, including Defendants' characterization of the contents of the Kipu complaint, and demand strict proof thereof.

32.     The Policy exclusion and Underwriters' Amended Complaint referenced in Paragraph 32 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact

inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

33.     The Policy exclusion and Underwriters' Amended Complaint referenced in Paragraph 33 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

34.     The Policy exclusion and Underwriters' Amended Complaint referenced in Paragraph 34 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

35.     The Policy exclusion and Underwriters' Amended Complaint referenced in Paragraph 35 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

36.     The Policy exclusion and Underwriters' Amended Complaint referenced in Paragraph 36 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

37.     The Policy provision and Underwriters' Amended Complaint referenced in Paragraph 37 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

38.     Underwriters deny the allegations contained in Paragraph 38 of Defendants' Amended Counterclaim and demand strict proof thereof.

39.     The Kipu Complaint referenced in Paragraph 39 of Defendants' Amended Counterclaim speaks for itself. All allegations of fact inconsistent with a fair reading or construction of the Kipu Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

40.     The Policy provision and Underwriters' Amended Complaint referenced in Paragraph 40 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

41.     The Policy provision and Underwriters' Amended Complaint referenced in Paragraph 41 of Defendants' Amended Counterclaim speak for themselves. All allegations of fact inconsistent with a fair reading or construction of the Policy and Amended Complaint are denied. Any and all other allegations are denied and Underwriters demand strict proof thereof.

42.     Underwriters admit that coverage is excluded for punitive and exemplary damages as alleged in Paragraph 42 of Defendants' Amended Complaint. Any and all other allegations are denied and Underwriters demand strict proof thereof.

43.     Underwriters deny the allegations contained in Paragraph 43 of Defendants' Amended Counterclaim and demand strict proof thereof.

44.     Underwriters deny the allegations contained in Paragraph 44 of Defendants' Amended Counterclaim and demand strict proof thereof.

45.     Underwriters deny the allegations contained in Paragraph 45 of Defendants' Amended Counterclaim and demand strict proof thereof.

46. Underwriters admit that a controversy exists between Defendants and Underwriters. Underwriters deny any and all remaining allegations in Paragraph 46 of the Amended Counterclaim and demand strict proof thereof.

47. Underwriters deny the allegations contained in Paragraph 47 of Defendants' Amended Counterclaim and demand strict proof thereof.

48. Underwriters deny the allegations contained in Paragraph 48 of Defendants' Amended Counterclaim and demand strict proof thereof.

Underwriters deny that Defendants are entitled to any of the relief they seek in the "WHEREFORE" clause following Paragraph 48 of the Amended Counterclaim.

## COUNT II: BREACH OF CONTRACT – DUTY TO DEFEND

49. Underwriters adopt and incorporate by reference the answers contained in Paragraphs 1-48 of this Answer and Affirmative Defenses, as though fully set forth herein.

50. Underwriters deny the allegations contained in Paragraph 50 of Defendants' Amended Counterclaim and demand strict proof thereof.

51. Underwriters deny the allegations contained in Paragraph 51 of Defendants' Amended Counterclaim and demand strict proof thereof.

52. Underwriters admit that they denied coverage to Defendants for the defense of the Kipu Underlying Action, but deny and all allegations of wrongdoing, whether express or implied, contained in Paragraph 52 of Defendants' Amended Counterclaim. Any and all other allegations are denied and Underwriters demand strict proof thereof.

53. Underwriters deny the allegations contained in Paragraph 53 of Defendants' Amended Counterclaim and demand strict proof thereof.

54.     Underwriters deny the allegations contained in Paragraph 54 of Defendants' Amended Counterclaim and demand strict proof thereof.

55.     Underwriters deny the allegations contained in Paragraph 55 of Defendants' Amended Counterclaim and demand strict proof thereof.

Underwriters deny that Defendants are entitled to any of the relief they seek in the "WHEREFORE" clause following Paragraph 55 of the Amended Counterclaim.

56.     Any and all allegations that have not been expressly admitted herein are hereby denied and Underwriters demand strict proof thereof.

57.     Underwriters reserve the right to amend this Answer and Affirmative Defenses to Defendants' Amended Counterclaim as further information is revealed.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Underwriters deny any and all allegations in Defendants' Amended Counterclaim that have not been expressly admitted herein.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the insureds have breached their contractual obligations under the terms of the Policy at issue.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because Underwriters complied with their contractual duties under the Policy at issue.

## NINTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the allegations in the Kipu Complaint relied upon by Defendants are excluded under the Policy at issue.

## TENTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the allegations in the Kipu Complaint relied upon by Defendants were made in whole or in part against parties not insured under the Policy at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because Defendants knew or should have known of an occurrence that may lead to a claim prior to providing notice of the claim to Underwriters.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the damages complained of by Defendants, if any, were caused in whole or in part by third parties. Underwriters are entitled to an apportionment of damages based upon the degree of fault of all other persons or entities, whether parties to this litigation or not, pursuant to *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993) and Fla. Stat. 768.31 and 768.81(3). Accordingly, Underwriters' percentage or apportionment of fault, if any, should be compared to and reduced by the percentage of fault of all other individuals or entities who caused or contributed to Defendants' damages, if any, including third parties and individuals and entities not named in this litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the damages complained of by Defendants, if any, were caused by the actions of the Defendants. Underwriters are entitled to an apportionment of damages based upon the degree of fault of all other persons or entities, whether parties to this litigation or not, pursuant to *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993) and Fla. Stat. 768.31 and 768.81(3). Accordingly, Underwriters' percentage or apportionment of fault, if any, should be compared to and reduced by the percentage of fault of all other individuals or entities who caused or contributed to Defendants' damages, if any, including Defendants themselves.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendants have failed to mitigate, minimize, or avoid any damages, recovery against Underwriters, if any, must be reduced by the amount attributable to such failure.

### FIFTEENTH AFFIRMATIVE DEFENSE

Underwriters are entitled to a setoff to the extent any settlement and/or benefits are received by or on behalf of Defendants from any collateral sources. Underwriters further allege that they

CASE NO. 18-60839-CIV

are entitled to setoff pursuant to Fla. Stat. 768.041 for all payments made as consideration for a release or covenant in partial satisfaction of the damages sought by Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policy or applicable law for Defendants to the extent they knew or should have known of the loss prior to the inception of the Policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policy or applicable law to the extent the losses sued upon were in progress on or before the inception date of the Policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policy to the extent Defendants failed to provide timely and proper notice of the claim and/or suit as required by the Policy.

### NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policy to the extent a claim is made against Daniel Callahan, Sean Callahan, and/or Richard Glaser while they were not acting within the scope and duties of their employment with Solutions Recovery Center.

### TWENTIETH AFFIRMATIVE DEFENSE

The Kipu Complaint does not allege Bodily Injury as that term is defined in the Policy. Therefore, there is no coverage under the Bodily Injury portion of Insuring Agreement I.A.1 of the Policy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Kipu Complaint does not allege liability arising out of Professional Services as that term is defined in the Policy. Therefore, there is no coverage under the Professional Services portion of Insuring Agreement I.A.1 of the Policy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Kipu Complaint does not allege Personal Injury as that term is defined in the Policy. Therefore, there is no coverage under the Personal Injury portion of Insuring Agreement I.A.2 of the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Kipu Complaint does not allege Property Damage as that term is defined in the Policy. Therefore, there is no coverage under the Property Damage portion of Insuring Agreement I.A.2 of the Policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Kipu Complaint does not allege Advertising Liability as that term is defined in the Policy. Therefore, there is no coverage under the Advertising Liability portion of Insuring Agreement I.A.2 of the Policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

There is no coverage under any insuring agreement of the Policy for the claims asserted in the Kipu Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.2.(n), which excludes coverage for "any Claim relating to Advertising Liability arising out of: (2) infringement of patent, trademark, service mark, and trade name, other than titles or slogans by use thereof on or in connection with goods, products or services sold, offered for sale or advertised…"

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(a), which excludes coverage for "any Claim made by or against or in connection with any business enterprise (including the ownership, maintenance or care of any property in connection therewith), not named in the Declarations, which is owned by any Insured or in which any Insured is a trustee, partner, officer, director or Employee."

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(d), which excludes coverage for "any claim or circumstances that might lead to a claim known to any insured prior to the inception of this Policy and not disclosed to the Underwriters at inception."

## TWENTY-NINTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(u), which excludes coverage for "any Claim based upon or arising out of any Insured gaining any profit, remuneration or advantage to which such Insured was not legally entitled."

## THIRTIETH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(y), which excludes coverage for Claims "based upon or arising out of any actual or alleged violation of any federal, state, or local anti-trust, restraint of trade, unfair competition, or price fixing law, unfair

or deceptive trade practices, or consumer protection any rules or regulations promulgated thereunder."

### THIRTY-FIRST AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(j), which excludes coverage for "any Claim for punitive or exemplary Damages, or Damages which are a multiple of compensatory Damages, fines, sanctions, taxes or penalties, or the return of or reimbursement of fees, costs or expenses charged by any Insured."

### THIRTY-SECOND AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Section II.(h), which provides, "This Policy shall not apply to any liability arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this Policy as a Named Insured."

### THIRTY-THIRD AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.2.(h), which excludes coverage for "any Claim arising out of Property Damage to (1) property owned or occupied or rented to the Insured; (2) property used by the Insured; or (3) property in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control."

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.2.(j), which excludes coverage for "any Claim arising out of loss of use of tangible property which has not been physically injured or destroyed resulting from: (a) a delay in lack of performance by or on behalf of the Named Insured of any contract or agreement; or (2) the failure of the Named Insured's Products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured."

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(e), which excludes coverage for "any Claim or circumstance that might lead to a Claim arising out of any negligent act, error or omission or Accident" which first took place prior to the Retroactive Date.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(q), which excludes coverage for "any Claim based upon or arising out of any Insured's data processing."

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Kipu Complaint because some or all of the claims in the Kipu Complaint are excluded under the Policy by Exclusion IV.3.(r), which excludes coverage for "any Claim for Personal Injury, Property Damage or Advertising Liability based upon or arising out of the Named Insured's Products."

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the Kipu Complaint alleges that the Defendants intentionally entered into a conspiracy to misappropriate intellectual property, for which there is no coverage under the Policy.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the allegations in the Kipu Complaint precede the applicable retroactive date of the Policy.

### FORTIETH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because the allegations in the Kipu Complaint are excluded under the Retroactive Limitations Clause, which provides that there is no coverage for any Claim "(a) arising out of any circumstance or occurrence which has been notified to the insurer of any other Policy of insurance, self-insurance or trust effected prior to the inception of the Policy; (b) arising out of any circumstance or occurrence known to the Insured prior to the inception hereof and not disclosed to the Underwriters at inception; (c) arising out of any prior or pending litigation as of the inception of this Policy or derived from the same facts and/or circumstances alleged in such prior or pending litigation."

### FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the Policy provides coverage to Defendants, which Underwriters expressly deny, such coverage is excess to any other insurance coverage available to Defendants.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Underwriters have no obligation to Defendants to the extent that the named insured misrepresented or omitted material information in connection with the application for insurance and did not comply with its disclosure obligations. To the extent the named insured negligently or

- 17 -

intentionally misrepresented or failed to disclosure facts that were material to the risks undertaken by Underwriters, Defendants' claims are barred and the insurance is void *ab initio*.

### FORTY-THIRD AFFIRMATIVE DEFENSE

There is no coverage under the Policy because the allegations were not an "Accident" under the Policy

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The Declaratory Judgment claim in Defendants' Amended Counterclaim should be dismissed as duplicative of the Breach of Contract claim because both claims seek adjudication on the same merits, arise out of the same factual dispute and circumstances, and seek the same relief. *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.,* 2017 WL 1363344 at *1 (S.D. Fla. 2017); *Miami Yacht Charters v. Nat'l Union Fire Ins. Co.,* 2012 WL 1416428 at *2 (S.D. Fla. 2012); *Fernando Grinberg Trust Success Int'l Props, LLC v. Scottsdale Ins. Co.,* 2010 WL 2510662 (S.D. Fla. 2010).

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, because the Kipu Complaint alleges breach of contract, which is not covered under the Policy.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Coverage may be barred, in whole or in part, for any amounts paid, or to be paid, by Underwriters that are voluntary payments, unreasonable, excessive or unjustified.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

The Policy contains a deductible of $10,000. To the extent there is any coverage under the Policy, which Underwriters expressly deny, such coverage is subject to the deductible.

CASE NO. 18-60839-CIV

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants' Amended Counterclaim is barred in whole or in part because Defendants' claim for defense relies upon information outside of the eight corners of the Kipu Complaint and the Policy.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Underwriters' rights and obligations are defined and controlled by the limits of liability, terms, exclusions, conditions, limitations, endorsements, and other provisions of the Policy, which are incorporated herein by reference. Underwriters reserve the right to deny coverage under any and all terms, exclusions, conditions, limitations, endorsements, or other provisions of the Policy, whether or not raise in these Affirmative Defenses or in a prior denial letter.

### FIFTIETH AFFIRMATIVE DEFENSE

Underwriters assert, by reference, any and all affirmative defenses available to it under the Federal Rules of Civil Procedure and any other applicable laws.

### RESERVATION OF RIGHTS

Underwriters reserve the right to amend or assert additional defenses as investigation and discovery continues.

CASE NO. 18-60839-CIV

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 24th day of August 2018, the foregoing document was

electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record on the attached Service List via

transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/  Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Steven S. Cula
Fla. Bar No. 1002949
Email: scula@fowler-white.com

Katina M. Hardee
Fla Bar No. 16069
Email: khardee@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101
***Counsel for Plaintiff***

**<u>SERVICE LIST</u>**

**CASE NO. 0:18-CV-60839-CMA**

Geremy W. Gregory
(FL Bar No. 102645)
BALCH & BINGHAM LLP
ggregory@balch.com
841 Prudential Drive, Suite 1400
Jacksonville, Florida 32207
Telephone: (904) 348-6875
Facsimile: (904) 396-9001
***Counsel for Defendants***

Walter H. Boone (MSB #8651)
(Admitted *pro hac vice*)
BALCH & BINGHAM LLP
wboone@balch.com
188 East Capital Street, Suite 1400
P.O. Box 22587
Jackson, Mississippi 39225-2587
Telephone: (601) 965-8179
Facsimile: (888) 956-9542
***Counsel for Defendants***

Steven C. Corhern (ASB #3130C84C)
(Admitted *pro hac vice*)
BALCH & BINGHAM LLP
scorhern@balch.com
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 226-8765
Facsimile: (205) 448-5798
***Counsel for Defendants***